Stewart and Colclough vs. Dobbs et al.

STEWART and COLCLOUGH, plaintiffs in error, vs. ELIJAH
DOBBS, et al., defendants in error.

1. When a garnishment has been dissolved by the defendant giving se-
curity, as provided in the Code, and the security is or becomes insol-
vent, the plaintiff may garnishee again.

2. Under section 3027 of the Code of Georgia, it is the duty of a Court,
when it has jurisdiction of a right, and no specific remedy is afforded
by express law, so to mould its processes and proceedings as to afford
relief to the party having the right.

Motion to dismiss garnishment. Decided by Judge BIGBY.
Carroll Superior Court. April Term, 1869.

In January, 1867, Stewart and Colclough sued Dobbs,
and had B. M. Long garnisheed. Long answered, that in
1865 he bought Dobbs' land, and gave him his note for
$1,000 in gold, due on the 25th of December, 1866, which
note was still Dobbs' property, and unpaid. The Court
ordered Long to pay said sum into Court, to be held subject
to further order. In October, 1867, Stewart and Colclough
obtained a judgment against Dobbs for $557 26, with inter-
est and costs, and the Court then ordered that, unless an
appeal was entered according to law, so much of the money
brought into Court by Long as was necessary, be appropria-
ted to the payment of said judgment.

Dobbs brought Samuel C. Dickson into Court, and offered
him as security to dissolve the garnishment. He was ob-
jected to as insufficient security, justified, and then became
the security. The judgment was amended so as to include
said security as a defendant. Then the Court ordered that
the former order be revoked, and the garnishment dissolved,
remarking that if plaintiffs were not satisfied with the secu-
rity they could garnishee again. Then Dobbs appealed in
forma pauperis.

Afterwards, on the 18th of October, 1867, Stewart and
Colclough made another affidavit and bond, and had new
process of garnishment served on Long and Dickson each.
To said October Term, 1867, Dobbs had sued Long on said
note, and at April Term, 1868, had a judgment thereon,

Stewart and Colclough *vs.* Dobbs *et al.*

from which Long appealed. Pending this appeal, at April Term, 1869, Long answered, admitting his said indebtedness to Dobbs, and Dickson answered that he held Long's said note as collateral security for his said suretyship. It was stated by counsel (and this statement was acted upon below as admitted), that since Dickson had become such surety, and since he was so garnisheed, he had had his homestead assigned him according to law, and by that means had placed it out. of the power of said plaintiffs to compel him to pay their said demand.

The defendant moved to dismiss said second garnishment, because of the first garnishment and its dissolution, and because plaintiff's contract with Dobbs was made prior to June 1865. It did not appear from the record, nor from the arguments here, how the date of the contract with Dobbs was material. The Court dismissed said second garnishment, and this is assigned as error.

MERRILLS, for plaintiffs in error, cited Irwin's Code, secs. 3481, 3482, 3485, 3221, 3236 ; 14 Ga. R., 124; 30 Ga. R., 540; Acts of 1856, 38; Cobb's Dig., 78; 16 Ga. R., 137; 35 Ga. R., 170; 2 Kelly (Ga. R.) 161; 4 Ga. R., 319; 10 Ga. R., 229 ; Code, secs. 3040, 3027, 3041; 35 Ga. R., 84, and 37 Ga. R., 364.

HUGH BUCHANAN, for defendants, replied that garnishment is a suit, Code, sec. 3481; 4 Ga. R., 393; 3 Bl. Com., s. p. 25, 116 ; after dissolution it is *res adjudicata,* Code, sec. 3488, 3243, 3244; a note held as collateral is not subject to garnishment, Code, sec. 3493; 4 Ga. R., 428, and 18 Ga. R., 650.

McCAY, J.

It appears from the record in this case, that the plaintiffs had, to a previous term, caused summons of garnishment to issue, directed to Long. The defendant in the principal suit had dissolved that garnishment, by giving security according to section 3488 of the Code. Subsequently, the

plaintiff made a new affidavit, and procured a new summons for Long. At the return term, the defendant in the suit moved to dismiss this last garnishment, mainly on the ground that the dissolving of the first garnishment prevented the granting of another.

To this the plaintiff replied, that the security given by the defendant at the dissolution, is insolvent, and claimed that he had a right to garnishee a second time, under the circumstances.

We are inclined to think, although there is no positive prohibition by statute, that, in ordinary cases, if a garnishment be dissolved by giving security, the plaintiff cannot get a new summons. It would seem, at least, that so long as he is secured by that, he ought not further to harrass the defendant. But here the security has failed; why should not the plaintiff have a right to go on, and get a new garnishment? The statute is broad. He may garnishee any time, until he is satisfied, even after judgment against defendant, Code, section 3481.

Whilst, therefore, justice to the defendant requires that some limit should be placed upon the power of the plaintiff to harrass him by frequent garnishments, even after he has been perfectly secured by the dissolving of one by security, yet, when it is made apparent that the plaintiff is not in fact secure, we see no reason, and certainly there is nothing in the statute, to prevent a second garnishment.

If the plaintiff has been secured by a former one, and that fact appears, the Court will dismiss the second garnishment, at the cost of the plaintiff; and if the defendant is damaged by this litigiousness of the plaintiff, he has his remedy on his bond.

Our Code 3027, and the whole policy of our law, is against all formality that interferes with the true rights of the parties. Whenever a person has a right it is the duty of the Court having jurisdiction of the right, to furnish him a remedy; and if the forms and proceedings already in use do not furnish that remedy, it is the duty of the Court to mould its processes and proceedings so as to do justice and equity.

Clearly, in this case, the plaintiff has a right. His first garnishment has proved ineffective. We think, therefore, he can proceed again.

Judgment reversed.