## 43964. O'KELLEY v. EVANS.

ARGUED OCTOBER 7, 1968—DECIDED FEBRUARY 10, 1969.

*Henritze & Smith, Walter M. Henritze, Jr.,* for appellant.
*Joseph D. Tindall, F. Lee Evans,* for appellee.

FELTON, Chief Judge. This case began as an equitable proceeding wherein the defendant attorney filed cross action for attorney's fees. The equitable features were removed and a trial on the cross action was had resulting in a verdict in favor of the attorney. The plaintiff's amended motion for a new trial was overruled and she appealed therefrom and enumerated as error (1) The judgment of Judge Elmo Holt, as follows: "The above motion read, considered, and ordered filed; and the case is hereby overruled and the case is assigned for trial Wednesday April 3, 1968, before Judge Tanksley. This 28 day of March, 1968." The motion referred to in the above judgment was a motion for a continuance filed by the plaintiff; and (2) the trial court's failure to give the plaintiff's (appellant's) request to charge, as follows: "A contract between attorney and client relative to compensation for services, made after the relationship has been entered into, is not per se void, but is presumptively involved and will be scrutinized very carefully by the courts whenever the transaction is called in question."

■ The first enumeration of error is without merit for the reason that after Judge Holt had overruled a motion for continuance and assigned the case for trial on Wednesday, April 3, 1968, Judge Tanksley called the case for trial and at that time the attorney for appellant again moved for a continuance. Judge Tanksley took jurisdiction of the motion and while he referred to Judge Holt's judgment overruling a similar motion, he entered his own independent judgment and overruled the motion, assigning reasons therefor and stating that there were various other reasons he would not endeavor to cite, etc. The order of Judge Holt was not binding on Judge Tanksley, so when Judge Tanksley called the case for trial he had complete and comprehensive jurisdiction of the whole case to rule on any question which could be raised on a normal trial, including the jurisdiction to rule on another motion for a continuance. In these circum-

stances it was necessary for the appellant to enumerate as error the judgment of Judge Tanksley overruling the motion for a continuance. There was no such enumeration of error, so the question of the correctness of Judge Tanksley's denial of the motion for a continuance is not before us for consideration. The judgment of Judge Holt is now moot in that his judgment was superseded by Judge Tanksley's.

■ The refusal to give the requested charge was not error for a number of reasons, two of which are as follows: (1) The law embraced in the request is not the law in Georgia, insofar as we have been able to ascertain. Nor should it be for the reason that all a client would have to do to procure a presumption of the invalidity of such a contract would be to raise a question as to the fairness of the contract. This is not to say that such a contract, even if made after the attorney's employment, cannot be questioned for any valid reason, such as overreaching, duress, fraud or violation of the confidential relationship, etc. All we say is that the request was not adjusted to the law in that it authorized a presumption based on a mere attack on the contract and not on the evidence supporting the attack. (2) The second reason why the request was not correct is that the question in the case was not whether a charge by the attorney of $100 per day for the performance of legal services was reasonable, but one question raised by the client was that the contract was for $100 per day spent in court, as against an agreement for $100 per day, whether in or out of court, which was disputed by the attorney, and the other question was as to the number of days for which the attorney was entitled to collect, not the reasonableness of the amount per day. There was no error in failing to give the requested charge.

The court did not err in overruling the motion for a new trial, and there being no enumeration of error on the only overruling of the motion for a continuance which could be considered on appeal, the judgment of the court overruling the motion for a new trial is

*Affirmed. Eberhardt and Whitman, JJ., concur.*