### 41097. BROWN v. WELCH.
(317 SE2d 520)

WELTNER, Justice.

Welch sued Brown for attorney fees allegedly owed him for his representation of Brown in a land partition action.

Brown lived on his father's farm and claimed ownership through oral gift. The father died intestate, and Brown's siblings sought equitable partition of the land.

Welch undertook to represent Brown in his attempt to secure title to the entire tract. They agreed orally that Welch would receive "twenty-five percent (25%) of all assets and money recovered from the James N. Brown, Sr. estate." The agreement was reduced to writing two years later.

The trial court ruled that Brown was entitled only to a one-fifth share by intestacy. Welch then claimed that the contract entitled him to 25% of that interest, and this action ensued.

The trial court directed a verdict for Welch on all issues except that of unconscionability of contract. The jury found the contract unconscionable and the trial court granted to Welch a judgment notwithstanding the verdict.

The trial court construed the contract as one for a contingency fee, wherein no fee can be received unless the specific contingency comes about. *Sellers v. City of Summerville*, 208 Ga. 361 (67 SE2d

137) (1951). The contingency here is a recovery from the estate. "Recovery" has been defined as the "restoration of a right by a solemn judgment of a court of justice." *Daughtry v. Cobb*, 189 Ga. 113, 119 (5 SE2d 352) (1939).

Brown's one-fifth interest vested immediately upon his father's death. OCGA § 53-4-8. He "recovered" no assets of the estate which had devolved to the other heirs, therefore, nothing was restored through the partition action. "It does not appear that this conclusion of the litigation resulted in any monetary or property accrual to any of the defendants which they would not have had in their status of heirs of the deceased . . . and there is accordingly nothing on which the [attorney's] lien could operate." *Griner v. Foskey*, 158 Ga. App. 769, 770 (282 SE2d 150) (1981).

Recovery of assets from the *estate* is the condition precedent to Welch's entitlement. That never occurred, and hence Welch is entitled to nothing. Any issue of unconscionability is therefore immaterial.

In reaching this conclusion, we apply this strict construction to contingent fee contracts: in order for a contingent fee contract to entitle an attorney to any participation in a right or entitlement which is already vested in the client (as is here the case) or which is immediately and unequivocally available to the client (as in an offer of settlement), such an intention on the part of both attorney and client must appear through plain and unambiguous terms. Otherwise, an ambiguously worded agreement must be construed against the party which prepared it. *Kennedy v. Brand Banking Co.*, 245 Ga. 496 (266 SE2d 154) (1980).

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 29, 1984.

*Fishman, Freeman & Kendrick, Nisbet S. Kendrick III*, for appellant.

*Oliver & Oliver, Robert F. Oliver*, for appellee.