77722, 77723, 77724. HADAWAY v. THE STATE (three cases).
(378 SE2d 127)

BANKE, Presiding Judge.

The three appellants were convicted of "underage possession of alcohol." See OCGA § 3-3-23 (a) (2). Each has filed a separate appeal to this court.

Sometime after midnight on August 17, 1986, Officer Littler of the Cobb County Police Department was dispatched to a house located on Clark Lake Road to investigate a report that a fight was in progress there. The officer testified that when he arrived on the scene he observed numerous teenagers milling about the area, cars parked on either side of the road, and beer containers scattered throughout the vicinity. He stated that a "large, loud party" was in progress at the back of the residence in question and that there were "two large kegs of beer and cups of beer and alcoholic beverages sitting in the area." The officer testified that as he approached the house he observed the teenagers discarding their beer cups and that, after dispersing the crowd, he began to check identification for underage drinking because, in his words, "most of the people I had contact with . . . [appeared] to be intoxicated." The officer stated that each of the appellants had the odor of alcohol about his person with the result that, after ascertaining that each of them was a teenager, he administered alco-sensor tests to them. Each tested positive for intoxication. *Held*:

1. The appellants contend that all evidence obtained subsequent to their initial detention by Officer Littler should have been suppressed because their conduct gave rise to no articulable suspicion of criminal misconduct. As a general rule, a police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). "What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing. [Cit.]" *Brisbane v. State*, 233 Ga. 339, 341 (211 SE2d 294) (1974).

It is clear from Officer Littler's testimony that there was an ob-

served, factual basis for the suspicions that the appellants were under-derage and that they had been in possession of alcoholic beverages. It follows that the appellants' motion to suppress was properly denied.

2. The appellants contend that the evidence was insufficient to support the verdicts because there was no evidence they had consumed an "alcoholic beverage," as opposed to some non-beverage product containing alcohol, such as mouthwash. They further contend that mere consumption of an alcoholic beverage does not, in any event, necessarily equate with possession of such beverage within the meaning of OCGA § 3-3-23 (a) (2). With respect to the first of these contentions, the circumstances would clearly have authorized a rational trier of fact to conclude beyond a reasonable doubt that the appellants had been drinking beer rather than mouthwash. As for the second contention, a rational trier of fact could easily have concluded beyond a reasonable doubt from the evidence that the appellants had possessed the alcohol prior to consuming it. Accord *Stevens v. State*, 165 Ga. App. 814 (302 SE2d 724) (1983) (upholding a defendant's conviction of cocaine on the basis of a positive test for cocaine in his urine). See generally *Jackson v. Virginia*, 443 U. S. 307 (1) (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 3, 1989 —
REHEARING DISMISSED JANUARY 24, 1989.

*Billy L. Spruell*, for appellants.
*Patrick H. Head, Solicitor, Melodie H. Clayton, Jane P. Manning, Assistant Solicitors*, for appellee.