*Jr.*, for appellee.

### A89A1073. DARRACOTT v. THE STATE.
(382 SE2d 664)

DEEN, Presiding Judge.

Jeff Mills Darracott was convicted of two counts of underage possession of alcoholic beverages (OCGA § 3-3-23 (a) (2)). He appeals following the denial of his motion for a new trial.

1. The trial court did not err in denying appellant's motion to suppress both counts against him. The evidence showed that on July 17, 1987, police officers were asked to investigate a loud party in some woods behind a Cobb County shopping center. When they arrived they observed approximately 200 young people at a party, a keg of beer, and people walking around with cups. The partygoers scattered after someone shouted, "Police!" One of the officers spotted appellant, who had a cup in his hand and was leaving the scene. When the officer asked him to stop, appellant cursed him and ran. The officer pursued and caught him, and noticed that he was intoxicated. Darracott's identification showed him to be seventeen years old.

About midnight on August 1, 1987, a police officer in a patrol car observed several young people standing around two cars in an empty Cobb County shopping center parking lot. Beer cans and other litter were scattered on the ground. The officer's suspicions were aroused when three people jumped into a vehicle and drove off when the police car approached the area. After the vehicle was stopped, the officer determined that all of the occupants, including appellant, had been drinking. Prior to his arrest, Darracott stated that he had consumed three to four beers earlier.

Under the standard enunciated in *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), the officer in both cases against Darracott was authorized to conduct a limited investigatory stop because each one possessed an articulable suspicion of criminal conduct. We also find that the evidence in this case is remarkably similar to that in *Hadaway v. State*, 190 Ga. App. 5 (378 SE2d 127) (1989), and find that the trial court did not err in denying appellant's motion to suppress.

2. The trial court also did not err in denying appellant's general demurrer to both counts of underage possession of alcohol. He raised no legal defense that he was in legal possession of alcohol and raises for the first time on appeal an argument that the accusations omitted the word "knowingly" as a part of the offense. Issues not raised in the court below may not be raised for the first time on appeal. *Durham v. State*, 185 Ga. App. 163, 167 (363 SE2d 607) (1987). An examination

of the accusations reveals that they were drawn with sufficient specificity to inform the accused of the charge against him so that he could prepare a defense against each charge. *Rowles v. State*, 143 Ga. App. 553, 554 (239 SE2d 164) (1977).

3. The jury charge as to the elements of the offense contains no error. Appellant argues that the court failed to charge the jury that knowing possession of alcohol was an essential element of the crimes of which he was accused.

We have examined the charge as a whole and find that the court gave a lengthy charge on intent as a part of the general charge and later read the statute he was alleged to have violated verbatim to the jury: "No person except as otherwise provided by law, who is under 21 years of age, shall purchase *or knowingly possess* an alcoholic beverage." (Emphasis supplied.) The court then proceeded to charge the three exceptions to the law.

In examining a jury charge, we must take it in its entirety to determine if it contains reversible error. *Anderson v. State*, 150 Ga. App. 318 (257 SE2d 385) (1979). While terms of common usage and meaning need not be specifically defined, *Garvey v. State*, 176 Ga. App. 268 (335 SE2d 640) (1985), the lower court's failure to define meanings of terms used in the charge is not ordinarily ground for reversal. *Clark v. State*, 185 Ga. App. 513 (364 SE2d 641) (1988). Therefore, taking the charge as a whole and applying the case law applicable to the necessity for defining the meaning of certain terms contained within the charge, we find no error. Moreover, "[s]ince the charge was verbatim from the Code and states a correct principle of law, in the absence of a request for more specific instructions, we find no error in the court's charge as given. [Cit.]" *Prickett v. State*, 155 Ga. App. 668, 669 (272 SE2d 534) (1980).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 11, 1989 —
REHEARING DENIED MAY 25, 1989 — 

*Billy L. Spruell*, for appellant.
*Patrick H. Head, Solicitor, Melodie H. Clayton, J. William Morse, Assistant Solicitors*, for appellee.