### S89A0544. RICHARDSON et al. v. BRIDGES et al.
(389 SE2d 215)

PER CURIAM.

This appeal arises from a dispute concerning a marital trust that was established by the will of Smith Bridges. The parties include Bridges' widow and their four children. Under the terms of the will, one of the children, Kenneth Bridges, is the trustee of the marital trust. Mrs. Bridges, the widow, is the beneficiary, and has the power to appoint assets from the trust while she is living, and the power to distribute the assets upon her death. All four children are remaindermen. Under the terms of the will, they will receive (through a residuary trust established by the will) whatever assets of the marital trust Mrs. Bridges does not appoint or distribute by will.

The widow exercised her power of appointment under the marital trust by appointing certain trust property to Kenneth Bridges. The other three children sought to set aside the appointments on the ground that they were the product of undue influence by Kenneth Bridges over their mother. The trial court granted Mrs. Bridges' motion for summary judgment, on the theory that the children are not privies in law, fact, or estate with appellee within the meaning of OCGA § 23-2-34. The children appealed.

Early authority on this point is found in *Pool v. Morris,* 29 Ga. 374, 382 (1) (1859), holding: "A privy in estate is a successor to the *same estate,* not to a different estate in the same property." (Emphasis in original.) Under that restrictive interpretation, the children, as remaindermen, do not have, and are not successors to, "the same estate" as the widow. However, in *Phillips v. Phillips,* 211 Ga. 305, 308-309 (85 SE2d 427) (1955), we held:

But it is contended in the case at bar, and we agree, that the general rule, which allows only the parties to a judgment to attack and thus question its validity, has been relaxed in this State by [OCGA § 23-2-34], which declares that "equity will grant relief as between the original parties . . . or their privies in law, in fact, or in estate," except as therein stated.

Assuredly, the children have a substantive concern, as they stand to inherit whatever remains of the marital trust after the termination of their mother's life estate. They have a compelling interest in the validity of their mother's exercise of the power of appointment.

Our Code [OCGA § 23-1-3] and the whole policy of our law, is against all formality that interferes with the true rights of the parties. Whenever a person has a right it is the duty of the Court having jurisdiction of the right, to furnish him a remedy; and if the forms and proceedings already in use do not furnish that remedy, it is the duty of the Court to mould its processes and proceedings so as to do justice and equity. [*Stewart v. Dobbs*, 39 Ga. 82, 84 (1869).]

Because the purpose of equity is to grant relief where relief should be granted, we hold, under the facts of this case, that the children are privies in estate, and are entitled to proceed with their action.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 1, 1990 —
RECONSIDERATION DENIED MARCH 29, 1990.

*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow,* for appellants.
*Alston & Bird, William C. Humphreys, Jr., Slaughter & Virgin, Frank W. Virgin, Davidson & Hopkins, Jack S. Davidson, Gregory M. Perry,* for appellees.