## A91A1392. LEE v. THE STATE.
### (412 SE2d 563)

BEASLEY, Judge.

At a bench trial, appellant was found guilty of violating OCGA § 3-3-23 (a) (2), which makes it a crime for any "person under 21 years of age [to] purchase or knowingly possess any alcoholic beverage." The Uniform Traffic Citation, which was the method used for charging defendant, accused him of "under age consumption/alcohol." He pursues the general grounds, see *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

The evidence favoring the conviction showed that at approximately 1:15 a.m., a policeman arrived at an apartment complex in a high-crime area because of complaints of a loud party. When he arrived, the party had ended, so he routinely drove through the apartment complex to check for people loitering or prowling because there were a lot of auto "break-ins" there. The officer saw appellant and a companion ducking and hiding between two vehicles. He approached and asked what they were doing. One stated that they were waiting for the officer to leave in order to go back to an apartment. The officer, who was standing approximately three to four feet away, could smell alcohol on them. He asked for identification. When he saw they were underage (appellant's age was given as 19), he asked if they had been drinking. Appellant indicated he had drunk two beers. The of-

ficer issued a citation to appellant for under-age consumption of alcohol and then released him and his companion.

Appellant testified that with the consent of his parents (who did not testify), he drank two beers in their home at approximately 6:30 p.m. the evening before.

1. Appellant contends that the trial court erred in denying his motion for directed verdict of acquittal and in finding him guilty of the offense charged, in that the evidence was insufficient to support the verdict. There is no verdict in a bench trial. *Kennery v. Mosteller*, 133 Ga. App. 879, 880 (212 SE2d 447) (1975). The issue, then, is simply whether the evidence met the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

OCGA § 3-3-23 (c) provides: "[t]he prohibitions contained in paragraphs (1), (2), and (4) of subsection (a) of this Code section shall not apply with respect to the possession of alcoholic beverages for consumption by a person under 21 years of age when the parent or guardian of the person under 21 years of age gives the alcoholic beverage to the person and when possession is in the home of the parent or guardian and such parent or guardian is present."

Appellant argues that this case is based on circumstantial evidence, and, given his testimony that he consumed the two beers under circumstances that did not render it unlawful, the evidence does not exclude every reasonable hypothesis save that of guilt. OCGA § 24-4-6.

Whether the evidence does or does not do so is for the trier of fact, unless it can be said that the verdict is insupportable as a matter of law. See *Brewer v. State*, 156 Ga. App. 468 (2) (274 SE2d 817) (1980). The defendant's explanation, being evidence, is taken into consideration. See *Bogan v. State*, 158 Ga. App. 1, 2 (279 SE2d 229) (1981). But after the defendant has been found guilty, the evidence is viewed in the light most favorable to the determination that the defendant is guilty. *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986).

The conviction in this case is not insupportable as a matter of law. Based on the circumstances, the factfinder could have rejected the defendant's version of when and where the beer had been consumed. It was a reasonable inference, which the court expressly drew, that the odor of alcohol on breath did not emanate from beer drunk over six hours earlier but rather from a more recent consumption. As to consumption constituting possession, see *Hadaway v. State*, 190 Ga. App. 5, 6 (2) (378 SE2d 127) (1989). The evidence is sufficient to have authorized a rational trier of fact in finding the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. Appellant also contends that the trial court erred in denying his motion to suppress the testimony of the police officer concerning

appellant's responses to the officer's on-the-scene questioning, because appellant was not informed of his *Miranda* rights beforehand.

*Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), recognizes that although a police officer may not have probable cause to arrest someone, if there is a reasonable suspicion of criminal wrongdoing, based upon specific and articulable facts from which it can be determined that the action of the police officer is not arbitrary or harassing, the police officer may make a brief, investigatory detention of the individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. *Smith v. State*, 165 Ga. App. 333 (1) (299 SE2d 891) (1983); *Reese v. State*, 145 Ga. App. 453 (1) (243 SE2d 650) (1978). "It is clear that in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweigh the momentary inconvenience and indignity of investigatory detention." *Brisbane v. State*, 233 Ga. 339, 343 (211 SE2d 294) (1974). One who is under investigative detention pursuant to *Terry v. Ohio*, supra, is not in custody under *Miranda*. *Bailey v. State*, 153 Ga. App. 178, 180 (1) (264 SE2d 710) (1980).

The police officer in this case, having observed the furtive movements of the two young men among cars in a high car-burglary residential area at 1:15 in the morning, where a loud party which the police received a complaint about had recently broken up, was authorized to approach and question them. See *Brisbane*, supra. *Hadaway v. State*, supra at 5 (1). See also *Darracott v. State*, 191 Ga. App. 675 (1) (382 SE2d 664) (1989).

After detecting the odor of alcohol, the officer could inquire whether appellant had been drinking, in order to determine " 'the nature of the situation confronting the police.' " *Shy v. State*, 234 Ga. 816, 822 (218 SE2d 599) (1975); *Aldridge v. State*, 247 Ga. 142, 145 (2) (274 SE2d 525) (1981). See also *Dickerson v. State*, 193 Ga. App. 605 (388 SE2d 736) (1989), which involves the asking of the same question but where the issue was not raised. Although appellant gave an incriminating answer to that question, he was not in custody when the question was asked and he was not thereafter taken into custody. See *Bailey*, supra at 180.

The evidence and law support the trial court's conclusion that Lee's out-of-court statements were admissible.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 1, 1991 —
RECONSIDERATION DENIED NOVEMBER 18, 1991 —

*Murray, Donovan & Nabors, Donald R. Donovan*, for appellant.
*Patrick H. Head, Solicitor, Beverly M. Collins, Jonathon R. Brockman, Assistant Solicitors*, for appellee.