S92A1524. GILBERT v. THE STATE.
(426 SE2d 155)

HUNSTEIN, Justice.

Jeffery Gilbert was convicted of DUI (less safe driver), OCGA § 40-6-391 (a) (1), and underage possession of alcohol, OCGA § 3-3-23 (a) (2), and acquitted of DUI (alcohol concentration of .12 grams), OCGA § 40-6-391 (a) (4). He appeals.

1. Appellant contends the evidence was insufficient to support the verdict. At trial, the state trooper testified that in investigating an accident scene, she discovered appellant, smelling of alcohol and unable to stand without staggering, beside a damaged BMW and found evidence that the car had left the roadway at a curve, knocked down several mailboxes, and crossed a private drive before landing nose first in the ditch. Appellant told the trooper that he was the driver of the BMW and that he had taken the curve too fast. This evidence distinguishes this case from *Clay v. State*, 193 Ga. App. 377 (387 SE2d 644) (1989), cited by appellant, in which the sole evidence ad-

duced reflected only the accused's intoxicated state. Contrary to appellant's argument, the State carried its burden of proving appellant was underage by adducing the trooper's testimony that the date on appellant's driver's license showed him to be under the legal age for the possession of alcohol at the date of the incident. OCGA § 40-5-25 (c).

We find this evidence sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Collins v. State*, 177 Ga. App. 758, 759 (2) (341 SE2d 288) (1986); *Hadaway v. State*, 190 Ga. App. 5, 6 (2) (378 SE2d 127) (1989).

2. Appellant contends that the scientific assumption in OCGA § 40-1-1 (1) (defining "alcohol concentration") together with OCGA § 40-6-392 (b) creates an irrebuttable evidentiary presumption that is unconstitutional because it relieves the State of its burden of proving the level of alcohol concentration in a defendant. We need not address this contention, however, because appellant was acquitted of violating OCGA § 40-6-391 (a) (4) and the State was not required to prove appellant's alcohol concentration to establish that he was a less safe driver under OCGA § 40-6-391 (a) (1). Accordingly, appellant has no standing to raise this constitutional challenge. See generally *State v. Raybon*, 242 Ga. 858, 862 (252 SE2d 417) (1979); *McGraw v. State*, 85 Ga. App. 857, 859-860 (2) (70 SE2d 141) (1952).

3. By finding appellant not guilty of driving with a blood-alcohol concentration of .12 grams, OCGA § 40-6-391 (a) (4), "the jury clearly rejected the results of his intoximeter test as being unreliable, based on the testimony of his expert." *Clay*, supra at 378 (2). Hence, assuming arguendo that the trial court improperly denied appellant's motion for a pre-trial inspection of the Intoximeter 3000, that error did not harm appellant and presents no basis for reversal. See generally *Terry v. State*, 190 Ga. App. 570, 571-572 (2) (379 SE2d 604) (1989).

4. Considering the trial court's charge as a whole, it is apparent that the charge regarding the provisions of OCGA § 40-6-392 (b) was not unconstitutionally burden shifting, see *Pace v. State*, 258 Ga. 225, 227 (367 SE2d 803) (1988), and no·reversible error was committed by the trial court.

5. Appellant contends the trial court erred by denying his request to impanel another juror. After the jury was impaneled and sworn, the solicitor advised the trial court that he had learned that one of the jurors, a Mr. Glass, was the prosecutor in an upcoming case which the solicitor would be handling. Appellant asserts that but for Mr. Glass' incorrect responses to voir dire questions, appellant would have known that the solicitor was "representing" Mr. Glass in this other matter and that appellant accordingly would have exercised his pe-

remptory jury strikes differently. The voir dire was not transcribed, rendering unavailable the precise language used by counsel in questioning the jury about their relationship or acquaintance with the solicitor. See OCGA § 15-12-133. Mr. Glass, who was questioned by the trial court prior to trial, testified that he did not consider himself to be represented by the solicitor or his law firm, that he did not think the solicitor's handling of his case had any bearing on appellant's trial, and that the solicitor's involvement in his case would not prejudice him for or against appellant.

> "A defendant is entitled to be tried by a fair and impartial jury, and to exercise knowledgeable challenges in the pursuit of this judicial ideal. It does not follow, however, that every incorrect answer given on voir dire calls inexorably for a new trial; the question of bias and resultant prejudice remains to be determined. If the answer was given in good faith with no deliberate intent to mislead, the trial court may well find that no prejudice resulted, even though the lack of disclosure might have impaired defendant's right to exercise a knowledgeable peremptory challenge. Although the question of juror impartiality is a mixed question of law and fact, the trial court's findings of impartiality will be set aside only where manifest prejudice to the defendant has been shown."

(Citations and punctuation omitted.) *Jones v. State*, 247 Ga. 268, 270 (2) (b) (275 SE2d 67) (1981).

Based on the testimony of the juror, the trial court was authorized to find that the juror did not act with partiality or with manifest prejudice toward appellant. This enumeration presents no basis for reversal. Id.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED FEBRUARY 18, 1993 —
RECONSIDERATION DENIED MARCH 12, 1993.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Patricia A. Buttaro,* for appellant.
*Griffin E. Howell III, Solicitor,* for appellee.