## A93A0633. KREBSBACH v. THE STATE.

(433 SE2d 649)

BIRDSONG, Presiding Judge.

David C. Krebsbach was charged in a four-count accusation, which included one count of DUI and one count of being underage in possession of alcohol by consumption. OCGA §§ 3-3-23 (a) (2); 3-3-23.1 (b) (2). He was convicted only of the latter offense. *Held*:

1. Appellant asserts the trial court erred in admitting evidence of his prior convictions for DUI and underage possession of alcohol. On direct examination, appellant's father was called as a witness for the defense and unequivocally implied in his testimony that none of his children, including appellant, would drive if they had been drinking. This testimony tends to support appellant's defense to the DUI charge (of which he subsequently was found not guilty) that he was not the vehicle driver. Further implied was that appellant did not abuse alcohol, as his father never saw any such instance of abuse, and that the father would obey the law as he had respect for it. The evidence of appellant's prior convictions for DUI and underage possession, and the terms of his sentence which included a provision that he not drink a drop of alcohol or take any drugs without prescription, directly tended to refute facts implicit in the above testimony. First, it tended to refute that appellant was judicious, as claimed by his father, in not driving after drinking; secondly, in view of the father's admission that he had been present in court when his son was sentenced for these prior offenses, it also tended to refute the father's claim that he was unaware appellant ever abused alcohol and his claim that he respected the law, as he subsequently allowed appellant to drink alcohol despite the terms of his probated sentence for these prior offenses.

Admission of evidence rests in the trial court's sound discretion (*Spencer v. State*, 260 Ga. 640, 646 (8) (398 SE2d 179)); and evidence should be admitted if it is admissible for any legitimate purpose. *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298). Further, we will not reverse the correct ruling of a trial court regardless of the reason therefor. *Ely v. State*, 192 Ga. App. 203 (4) (384 SE2d 268).

The testimony of appellant's father was either directly or, at least, indirectly material to pending issues. A witness may be impeached by disproving the facts testified to by him; although a witness may not be impeached because of a discrepancy as to a wholly immaterial matter, a witness may be impeached on a collateral issue which is indirectly material to the issue in the case. *Salmon v. State*, 206 Ga. App. 469, 471 (2) (426 SE2d 160). "Testimony may be admissible for the purpose of impeaching the veracity of a witness even if it would be impermissible if offered for the purpose of impeaching the defendant's character." *Martin v. State*, 205 Ga. App. 591, 593 (4)

(422 SE2d 876). Moreover, although the evidence may reflect adversely on appellant's character, the line of questioning which opened the door to admission of this evidence was first introduced on direct examination of the defense witness. Compare *Turner v. State*, 202 Ga. App. 799, 802 (415 SE2d 524). The trial court did not abuse its discretion. Id.

2. Appellant asserts the trial court "erred in failing to fully charge the jury concerning the burden of proof with respect to appellant's sole defense, that his conduct was excluded from being criminal by OCGA § 3-3-23 (c)." In both the charge and recharge, the court instructed that "there is no burden of proof upon the defendant whatever. The burden never shifts to the defendant to prove innocence"; and, "if the State fails to prove the defendant's guilt beyond a reasonable doubt, it is your duty to acquit the defendant." The trial court further gave a tailored charge to the jury as to the provisions of OCGA § 3-3-23 (c), which was the basis for appellant's justification defense. On appeal charges must be examined and considered in their totality. *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). When the charges are so examined, it is clear that the trial court adequately instructed on the burden of proof and, in addition, adequately charged the court as to the provisions of OCGA § 3-3-23 (c).

Appellant, however, also contends that the trial court committed reversible error by failing to charge on justification. This assertion is beyond the reasonable scope of appellant's enumeration of error; an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration. *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522); *Rigenstrup v. State*, 197 Ga. App. 176, 179 (2) (398 SE2d 25). Thus, the issue is not preserved on appeal.

3. Appellant's defense was based upon his having drunk alcoholic beverages at home which had been given to him by his parents, and that his parents were present in the house. OCGA § 3-3-23 (c). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). The jury rationally could have rejected the theory of appellant's defense, as charged by the trial court, and concluded that the alcoholic beverage was consumed either outside the home (because of the odor of alcohol on appellant's breath when confronted by the police), or that it was consumed under circumstances not conforming to the requirements of OCGA § 3-3-23 (c). Compare *Lee v. State*, 201 Ga. App. 827, 828 (1) (412 SE2d 563).

Both parents testified that appellant had permission to obtain al-

coholic beverages at will from the refrigerator in their home, but each parent denied appellant drank any alcoholic beverage in their immediate presence on the night in question. Appellant's mother testified, inter alia, that she was present in another part of the house that night; she did not give appellant any alcoholic beverages that night; and she was not present in a location in the house where she could see and supervise appellant's drinking. Appellant's brother confirmed that appellant had his "father's permission" to drink, but did not know where his father was when appellant was drinking that evening. Appellant's father testified, inter alia, that he was present in the home that evening; that appellant had his standing permission to go to the refrigerator and help himself to the beers or wine coolers kept there, provided he stayed home thereafter and did not drive; and, that evening, he went downstairs and observed two *empty* wine cooler bottles in appellant's room. Appellant testified that neither his father nor mother had physically given him the wine; he still had alcohol in his body when he left the house; and, his father was not present in the room where appellant was drinking. The requirement to "give" in OCGA § 3-3-23 (c) appears to be satisfied if the parents constructively "give" the alcoholic beverage, by authorizing a person under 21 to consume alcohol in their home. One of the more common definitions of "give" is "to provide or *supply* one with (food or drink)"; and the definition of "supply" includes to "furnish with." (Emphasis supplied.) Webster's Third New Intl. Dictionary (1986). To require, as a proscribed act, that the parents or guardian physically hand each and every beverage container to the underage person seems absurd in view of the nuances of modern family life. However, the statutory subsection also requires that the parent or guardian be "present" when the alcoholic beverage is given to the underage person. One common definition of "present" is "being before, beside, with, or in the same place as someone or something." Id. It is in this context that the legislature intended the word "present" to be used in OCGA § 3-3-23 (c), as it was the legislature's concern that the parents be physically present with their underage offspring whenever they allowed them to drink in the home so that effective and prompt parental supervision could be maintained over the drinking activity involved. This interpretation is supported by the action of the legislature in substituting the prior statutory provision authorizing underage persons to drink alcoholic beverages "[i]n the home with parental consent," (then OCGA § 3-3-23 (b) (3)) with the current and more stringent provisions of OCGA § 3-3-23 (c) in order to "clarify when alcoholic beverages may be possessed or consumed by an underage person in the home." Ga. L. 1986, p. 789, §§ 1, 2. As the evidence of record conclusively establishes that the parents were not so "present" when appellant consumed the alcoholic beverage in his home, the record establishes beyond a reasona-

ble doubt (and also a matter of law in this instance) that appellant could not claim the benefits of the OCGA § 3-3-23 (c) exception, and likewise established beyond a reasonable doubt that he had consumed alcoholic beverages in violation of OCGA § 3-3-23 (a) (2). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); see *Hadaway v. State*, 190 Ga. App. 5 (2) (378 SE2d 127).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — 

*Larry W. Yarbrough*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Philip M. Goldstein, Assistant Solicitors*, for appellee.