A97A0069. LEE v. THE STATE.
(481 SE2d 264)

SMITH, Judge.

Julio Lee appeals his conviction on a charge of underage possession of an alcoholic beverage, OCGA § 3-3-23 (a) (2). We affirm the conviction after reviewing his challenges to the sufficiency of the evidence and his exception to the court's charge.

1. Lee enumerates the general grounds, which we review under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The State produced evidence showing that in early August 1995, a police officer found Lee in an Athens bar with a dark-colored, foam-topped beverage in front of him and with alcohol on his breath. The officer knew Lee and believed him to be underage. When confronted by the officer, Lee asked that he not be given a ticket because his 21st birthday was only a month away. Evidence at trial showed Lee did not reach legal drinking age until September 5, 1995. Although Lee's attorney was able to demonstrate that the officer may have been mistaken about the date of this incident, the evidence viewed in a light most favorable to the verdict supports the jury's finding that Lee possessed an alcoholic beverage while under the age of 21. *Gilbert v. State*, 262 Ga. 840, 841 (1) (426 SE2d 155) (1993).

2. Lee also contends the trial court erred in its charge by failing clearly to instruct the jury that it had to find Lee was under the age

of 21 at the time of the offense.[1] He points to a portion of the charge in which the court stated, "Now, it is incumbent upon the State of Georgia to prove that all of the necessary elements of the crime charged in the accusation were committed by the Defendant *at some time within two years prior to the return of the accusation.*" (Emphasis supplied.) As Lee points out, he had reached the age of 21 by the time the accusation was returned. This instruction was correct, however, in that the State is required to institute prosecution of a misdemeanor within two years of its commission. OCGA § 17-3-1 (d). The court went on to inform the jury that the State was required to prove every essential element of the crime charged and that under the crime charged, "no person under 21 years of age shall knowingly possess any alcoholic beverage." This charge sufficiently explained the State's burdens of proof. "As the charges given were correct statements of the law, and we do not believe that the charge as a whole would mislead a jury of average intelligence, we find no error. [Cit.]" *Dooley v. State*, 221 Ga. App. 245, 246 (3) (470 SE2d 803) (1996).

    *Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 10, 1997.

*John W. Donnelly*, for appellant.

*Kenneth W. Mauldin*, Solicitor, *Ethelyn N. Simpson*, Assistant *Solicitor*, for appellee.

---

[1] We note that the trial court did not ask counsel for either the defendant or the State if there were exceptions to the charge. Trial courts are encouraged to make this inquiry, as it helps clarify the record and allows the trial court to correct any potential inadequacies in the charge. See *Collins v. State*, 176 Ga. App. 634, 638 (2) (337 SE2d 415) (1985).