A98A0587, A98A0588. WINBURN, LEWIS & BARROW, P.C.
v. RICHARDSON et al.; and vice versa.
(504 SE2d 480)

McMURRAY, Presiding Judge.

These appeals concern interpretation of an hourly plus contingency attorney fee contract between Winburn, Lewis & Barrow, P.C. ("the firm") and contingent beneficiaries to the Estate of Smith Bridges ("the estate"), Carol B. Richardson, Lavern Parton and Jeanene Pass ("the clients"). The clients initially agreed to pay the firm $85 per hour to account for their brother's, Kenneth Bridges', suspected waste of estate property while he was serving as trustee of their mother's marital trust. After probate court proceedings confirmed that Kenneth Bridges had squandered about half of the estate's estimated gross value — leaving the Bridges' family farm ("the farm") as the estate's primary asset, the firm posted an attorney fee retainer letter to the clients indicating that the firm would file a superior court action against Kenneth Bridges and others to recover the estate's lost assets if the clients would pay the firm $75 per hour plus "one-third of the value of proceeds of recovery in your individual behalves, if any."[1] The clients executed this letter ("the retainer

---

[1] This letter pertinently provides as follows: "Re: Carol B. Richardson, et al. v. Kenneth S. Bridges, et al., Jackson County Superior Court. . . . You have retained us to represent your interests further in the matter involving the Bridges Estate, and to that end we are proceeding in the Superior Court of Jackson County as reflected in the copy of the Complaint enclosed herewith. After conferring with each of you, and with Ms. Richardson who will

letter"), and the firm proceeded on the clients' behalf in two consecutive superior court actions and an appeal in *Richardson v. Bridges*, 260 Ga. 62 (389 SE2d 215). The firm also represented the clients during negotiations which resulted in a consent judgment and a settlement agreement providing the clients with vested interests in equal shares of the farm's sale proceeds. This settlement provided Kenneth Bridges with a lesser share of the farm's sale proceeds. The case sub judice arose when the clients challenged the firm's claim to a third of their share of the farm's sale proceeds.

The firm filed an attorney's lien and a declaratory judgment action to determine its rights under the retainer letter. The clients filed undue influence, unreasonableness, unconscionability, illegality, fraud and breach of fiduciary duty defenses, pertinently claiming that the firm unfairly inserted the contingent fee provision in the modified retainer agreement without explaining the scope of the provision's coverage. The trial court, however, struck these defenses because the clients did not file a supporting expert's affidavit in compliance with OCGA § 9-11-9.1. The trial court also denied the parties' opposing motions for summary judgment, allowing a jury to resolve the scope of the retainer letter's "proceeds of recovery" terms. Before trial, the trial court granted the firm's motion in limine to exclude any evidence concerning the clients' malpractice claims.

The clients' trial testimony indicates that the firm never explained the scope of the retainer letter's "proceeds of recovery" terms; that there were no discussions or negotiations regarding a need to replace the existing $85 per hour retainer agreement; and that the firm did not advise the clients (until after the clients had settled their claims against Kenneth Bridges) about its position that the retainer letter gave the firm a stake in the Bridges' family farm. The clients explained during trial that they understood the retainer letter's "proceeds of recovery" terms to mean that the firm would be entitled to a third of any funds returned to the estate by Kenneth Bridges and others. The clients testified that they never intended the "proceeds of recovery" terms to cover their share of the Bridges'

---

assist us in communications with each other, we have agreed to represent your interests on the following basis: . . . Our fee for services in this matter will be based on the hourly rate of $75.00 per hour for all time expended in the prosecution of the Superior Court civil action only from here on out. In addition, and in consideration of the fact that this represents less than our usual hourly fee, we have also agreed to accept as additional compensation for services rendered an amount of money equal to one-third of the value of the proceeds of recovery in your individual behalves, if any. It is understood that this portion of our fee agreement is contingent only, in that if nothing is recovered for you in your individual behalves, then our sole compensation for services rendered in this matter shall be the amount calculated on the basis of the hourly rate set forth above. . . . If this arrangement is agreeable with you, then please indicate by signing your name to the place provided below, returning the signed copy of this letter for our files and keeping the enclosed copy for your records."

family farm. The firm challenged these explanations in a motion for directed verdict, urging that the "proceeds of recovery" language should be construed in its favor by the trial court as a matter of contractual construction.

The trial court denied the firm's motion for directed verdict, and the jury returned a special verdict finding that the retainer letter's " 'value of proceeds of recovery' " terms do not encompass any proceeds from the sale of the Bridges' family farm. The firm filed an appeal in Case No. A98A0587 after the trial court entered judgment on this verdict, and the clients filed a cross-appeal in Case No. A98A0588. *Held*:

### Case No. A98A0587

1. Citing *Brown v. Welch*, 253 Ga. 118 (317 SE2d 520), and *Daughtry v. Cobb*, 189 Ga. 113 (5 SE2d 352), the firm contends the retainer letter's "proceeds of recovery" language requires the clients to pay the firm a percentage of the farm's sale proceeds.

In *Brown v. Welch*, 253 Ga. 118, supra, an attorney claimed part of his client's inheritance under a fee contract providing the attorney with a percentage of " 'all assets and money recovered' " from the client's father's estate. Because the client did not "recover" more than he was due via intestacy, the Supreme Court of Georgia held that the attorney was due nothing. The Supreme Court of Georgia reasoned that the fee agreement's " 'all assets and money recovered' " language did not include the client's vested interest in his father's estate because, absent clear and unambiguous contractual terms stating an opposite intent, such broad terms will not be presumed to provide an attorney with a right to participate in an entitlement which is already vested in the client or which is immediately and unequivocally available to the client. Id. at 119. Extending this logic in the case sub judice, the firm urges that the retainer letter's "proceeds of recovery" terms require the clients to pay over a percentage of the farm's sale proceeds because, before settling with Kenneth Bridges and others, the clients only had contingent interests in the farm. This reasoning is not in line with the basis of the holding in *Brown*.

The *Brown* decision was based on strict construction of an attorney fee agreement which did not precisely set out the scope of its coverage. The Supreme Court of Georgia thus concluded that the attorney fee contract was "ambiguous" and construed it against the attorney who drafted the agreement. Id. at 119. While the case sub judice is like *Brown* in that the retainer letter's "proceeds of recovery" language may be construed broadly, the retainer letter is unlike the attorney fee agreement in *Brown* because it goes further by suggesting a contingent attorney fee based only on the "proceeds of

recovery" from a lawsuit to bring wasted assets back into the estate. This difference brings the case sub judice more in line with the analysis in *Daughtry v. Cobb*, 189 Ga. 113, supra.[2]

In *Daughtry*, an attorney claimed a percentage fee under a contingency attorney fee contract which was based on the client's recovery from an estate. The Supreme Court of Georgia read this contract's percentage of "recovery" language in conjunction with another contractual provision and found that the apparent ambiguity injected by these provisions authorized a jury's finding that the parties intended for the attorney to take a percentage of the client's inheritance. Applying this analysis in the case sub judice, we find that the retainer letter's suggestion that the "proceeds of recovery" terms apply only to gains the clients may acquire in a lawsuit to bring wasted assets back into the estate injects ambiguity in the retainer letter which takes the contract's "proceeds of recovery" language outside the definition of the term, "recovery," set out in *Brown v. Welch*, 253 Ga. 118, supra. Accordingly, finding no rule of law or contractual construction controlling the scope of the retainer letter's coverage, we hold that the trial court properly allowed the jury to resolve the parties' intent with regard to the retainer letter's "proceeds of recovery" terms. See *CareAmerica v. Southern Care Corp.*, 229 Ga. App. 878, 880 (1), 881 (494 SE2d 720).

The clients' testimony that they understood the retainer letter's coverage to include only gains from a lawsuit to bring wasted assets back into the estate and that the firm's attorneys never told them otherwise (before settling their dispute with Kenneth Bridges) authorizes the jury's finding that the retainer letter's " 'value of proceeds of recovery' " terms do not apply to the farm's sale proceeds. Accordingly, just as in *Daughtry v. Cobb*, 189 Ga. 113, 118 (2), supra, the jury's verdict was authorized. The trial court did not err in denying the firm's motion for directed verdict. A party is not entitled to a directed verdict if there is any evidence to support the jury's verdict. OCGA § 9-11-50 (a); *Denson v. City of Atlanta*, 202 Ga. App. 325, 326

---

[2] Another distinction is that *Brown* involves an attorney fee contract made *at inception* of the attorney-client relationship while the retainer letter at issue in the case sub judice was made *during* the attorney-client relationship. Under such circumstances, many jurisdictions adhere to the view that the fee agreement is presumptively invalid, with the burden of proving the agreement's validity on the attorney. See annotation, Validity & Effect of Contract for Attorney's Compensation Made After Inception of Attorney-Client Relationship, 13 ALR3d 701, 731, § 13 (a). No such presumption arises in Georgia, however, absent proof that the modified fee agreement was the result of "overreaching, duress, fraud or violation of the confidential relationship, etc." *O'Kelley v. Evans*, 119 Ga. App. 167, 169 (2) (166 SE2d 392). See *Bailey v. Devine*, 123 Ga. 653, 656 (5) (51 SE 603), and 13 ALR3d 701, 737, § 13 (c), supra. While the clients contend in the case sub judice and in their cross-appeal that the retainer letter was the result of such wrongdoing, we need not address these contentions in light of the disposition in the case sub judice. See *Brown v. Welch*, 253 Ga. 118, 119, supra.

(1) (414 SE2d 312).

2. The firm next contends that the trial court erred in entering judgment on the jury's verdict because, even under the clients' explanation of intent, the undisputed facts reveal that the lawsuits against Kenneth Bridges enhanced the clients' interest to the extent that Kenneth Bridges, in settling with the clients, compromised his right to an equal share of the farm's sale proceeds. We do not agree. Although Kenneth Bridges settled for a lesser percentage of the farm's sale proceeds, the evidence adduced at trial indicates that this compromise did not bring any of the assets he allegedly wasted back into the estate. The jury's verdict was therefore in line with the evidence and the client's understanding of the retainer letter's "proceeds of recovery" terms. Since this Court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict, the trial court did not err in entering judgment on the jury's verdict. *Denson v. City of Atlanta,* 202 Ga. App. 325, 326 (1), supra.

3. Lastly, the firm challenges the trial court's judgment on the jury's verdict, contending Carol B. Richardson violated the trial court's pre-trial order excluding evidence of the firm's alleged malpractice by testifying that the firm unnecessarily modified the parties' initial attorney fee agreement (because the clients could afford the firm's $85 per hour charges); that the firm needlessly filed the superior court actions (because the dispute could have been resolved in the existing probate court action); and that the firm unnecessarily named the clients' mother as a party to the underlying dispute. The firm cannot complain about this testimony because it "opened the door" to the appropriateness of its professional judgment by offering professional testimony regarding the reasonableness of its decision to modify the existing attorney fee agreement. See *Krebsbach v. State,* 209 Ga. App. 474 (1), 475 (433 SE2d 649).

### Case No. A98A0588

4. Our holding in Case No. A98A0587 renders it unnecessary to address the clients' cross-appeal.

*Judgments affirmed. Blackburn and Eldridge, JJ., concur specially.*

BLACKBURN, Judge, concurring specially.

I agree that the judgment below must be affirmed, but write separately to address plaintiff's claim that the trial court erred in entering judgment on the jury's verdict.

In its second enumeration of error, plaintiff contends that the trial court erred in entering judgment on the verdict, because there was no evidence to support the jury's finding that the parties did not

intend for the term "value of proceeds of recovery" to include monies recovered from Bridges out of his share of the farm proceeds. In essence, plaintiff is contending that, even if it is not entitled to one-third of the entire proceeds from the sale of the farm, it is entitled to some recovery because, under the consent judgment, defendants received more than they would otherwise have been entitled to upon the sale of the farm. Plaintiff contends that this extra amount, coming out of Bridges' share of the proceeds, constitutes a recovery for which it is entitled to a contingency fee.

However, plaintiff did not move for a directed verdict on this specific ground. Moreover, plaintiff did not object to the special interrogatory submitting this issue to the jury. Accordingly, plaintiff cannot now complain of the trial court's entry of judgment upon the jury's special verdict on this issue. See *Sun v. Bush*, 179 Ga. App. 80, 81 (4) (345 SE2d 85) (1986) (party not entitled to judgment n.o.v. in absence of motion for directed verdict on issue); *Knisely v. Gasser*, 198 Ga. App. 795, 796-797 (1) (403 SE2d 85) (1991) (party waived claim that special verdict was inconsistent with evidence by failing to timely object to special verdict form).

I am authorized to state that Judge Eldridge joins in this opinion.

DECIDED JULY 6, 1998 —
RECONSIDERATION DENIED JULY 21, 1998 — 

*Cashin, Morton & Mullins, Harry L. Cashin, Jr., Troutman Sanders, Richard W. Gerakitis, Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom*, for appellant.
*Stewart, Melvin & Frost, Frank Armstrong III*, for appellee.