## 60077. KNISELY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for driving under the influence and operating a vehicle with license suspended. *Held:*

1. (a) It is contended that it was error to admit testimony by a police officer as to the defendant's intoxication after the results of the intoximeter test given by such officer had been suppressed. The defendant testified that he had only 2 beers. The evidence was offered in rebuttal of this testimony.

In *Jordan v. Ensley,* 149 Ga. App. 67, 68 (2) (253 SE2d 414) this court considered the admissibility of evidence of a blood test for impeachment purposes and held "even though the test results were not admissible to prove that the appellee was driving under the influence of intoxicants, they were admissible, subject to proper foundation, as the basis for expert testimony showing that the appellee was not telling the truth about the amount of alcohol that she had consumed prior to the collision."

"In Walder v. United States, 347 U. S. 62, 98 LE 503, 74 SC 354 (1954), the use of evidence obtained in an illegal search and inadmissible in the Government's case in chief was admitted to impeach the direct testimony of the defendant." United States v. Havens, —- U. S. —- (100 SC 1912; 64 LE2d 559, 564), where unconstitutionally obtained evidence was also permitted to impeach defendant's response to cross-examination. See Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1); Oregon v. Hass, 420 U. S. 714 (95 SC 1215, 43 LE2d 570).

The trial judge did not err in allowing the officer who conducted the intoximeter test to testify. Especially is this true where the testimony as to the intoximeter was ruled out and only such testimony as related by the witness as to defendant's observed condition was permitted.

(b) Counsel for the defendant urges that the rebuttal witness should not have been allowed to testify since his name was not on the list of witnesses on the accusation.

"It is the law of this state that the calling of rebuttal witnesses whose names do not appear on the witness list does not constitute error." *Bradham v. State,* 148 Ga. App. 89, 92 (4) (250 SE2d 801). Accord, *Hearn v. State,* 145 Ga. App. 469, 470 (2) (243 SE2d 728); *Nunnally v. State,* 235 Ga. 693, 707 (13) (221 SE2d 547); *Mize v. State,* 240 Ga. 197, 199 (6) (240 SE2d 11).

The admission of the testimony was not error based on the reasons assigned therefor.

2. The remaining enumerations of error are without merit.

*Judgment affirmed. Carley, J., concurs. Shulman, J., concurs in the judgment only.*

SUBMITTED JUNE 17, 1980 — DECIDED SEPTEMBER 10, 1980.

*H. W. Vaughn, Jr.,* for appellant.
*L. Eddie Benton, Jr., Solicitor,* for appellee.