## 67432. GARRETT v. THE STATE.

BANKE, Judge.

Everett Garrett appeals his conviction of abandonment of his illegitimate minor child. The sole enumeration of error is the refusal of the trial court to allow impeachment of a state's witness by prior inconsistent statements.

Peggy Franklin, the child's mother, testified that she had dated appellant exclusively and had had intercourse only with him during the period in which the child was conceived. Darryl Franklin, Peggy's brother, confirmed the social relationship between his sister and appellant. On cross-examination, appellant attempted to ask Darryl about his relationship with a Ms. Robinson, whereupon the state's attorney objected on grounds of relevance. A rather lengthy colloquy then took place out of the jury's presence.

Appellant sought ultimately to ask Darryl if he had ever told Ms. Robinson that Peggy knew appellant was not the father of the child. Questioned outside the jury's presence, Darryl denied either that he had made such a statement to Ms. Robinson or that Peggy had ever made such a statement to him. Appellant then disclosed that Ms. Robinson was available to testify that Darryl had in fact made such a

statement to her, arguing that such testimony would be admissible for the purpose of impeaching Darryl's denial. Peggy had already testified and had not been questioned as to any statements she might have made to Darryl on the issue. The trial court sustained the state's objection to the questioning of Darryl. *Held:*

"A witness testifying as to the existence of a fact must testify from his own first hand knowledge . . . The witness cannot state conclusions or beliefs not based on his first hand knowledge." *Agnor's Georgia Evidence,* § 9-1. A witness may not state a conclusion that someone other than himself knew a particular fact, nor may a witness be a mere conduit for the opinion of others. See *Stephen W. Brown Radiology Assoc. v. Gowers,* 157 Ga. App. 770 (5) (278 SE2d 653) (1981); *Marshall v. State,* 154 Ga. App. 327 (2) (268 SE2d 383) (1980). Accordingly, Darryl's testimony regarding what Peggy "knew" about the identity of the father would not have been admissible. Moreover, Darryl's testimony as to whether Peggy had made such a statement to him was not contradictory to any testimony previously given by either of them and, accordingly, was not admissible as a prior inconsistent statement. See generally OCGA § 24-9-83 (Code Ann. § 38-1803). The trial court was correct in refusing to allow Darryl to be cross-examined in this regard.

Appellant's contention that Ms. Robinson should have been allowed to testify that Darryl had made such a statement to her is also without merit. "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." OCGA § 24-9-83 (Code Ann. § 38-1803). "Thus a previous statement in regard to irrelevant, collateral or immaterial matter would not be admissible for impeachment, regardless of how contradictory it might be." *Agnor's Georgia Evidence,* § 5-5. Accord *Green v. State,* 138 Ga. App. 48 (1) (225 SE2d 495) (1976). As the proposed testimony by Ms. Robinson pertained to a collateral matter which was itself inadmissible, the trial court was correct in likewise excluding her testimony.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 29, 1983 —
REHEARING DENIED DECEMBER 16, 1983.

*David G. King, David H. Jones,* for appellant.
*James L. Webb, Solicitor, R. L. O'Brien, Jr., Assistant Solicitor,* for appellee.