## A96A0049. SHIPMAN v. THE STATE.
(471 SE2d 225)

Judge Harold R. Banke.

A jury convicted Terrance Shipman of driving under the influence of alcohol to the extent that it was less safe for him to drive. On appeal, Shipman enumerates three errors.

Viewed in a light most favorable to the jury's verdict the State's evidence was as follows. After Shipman was stopped at a license and insurance roadblock, Officer Jonathan Long detected noticeable signs of intoxication. Following the observation of a strong odor of alcohol, glazed and bloodshot eyes, flushed face, and slightly slurred speech, the officer administered field sobriety tests which Shipman failed. Shipman appeared unsteady on his feet, omitted some letters during his recitation of the alphabet, and failed the horizontal gaze nystagmus test. After Shipman refused to perform the one-leg stand test, he registered a positive result on the field-administered alcosensor test and was arrested.

The results of Shipman's state-administered Intoximeter 3000 test were suppressed because of an invalid implied consent warning under *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (1994). During the trial, Shipman testified that he had not been impaired in any way, and that he had consumed only three beers in the three-hour period preceding arrest. He explained that his eyes may have appeared bloodshot due to a long work day. He also explained that at the time of the field testing he was extremely nervous because he felt dangerously unsafe on the side of the roadway.

Over objection, Long testified as a rebuttal witness to refute Shipman's testimony. Long maintained that Shipman's outward physical manifestations of intoxication and the .09 test result on the intoximeter were inconsistent with Shipman's testimony concerning

the passage of time and quantity of beer consumed. *Held*:

1. We reject Shipman's contention that the State could not use the intoximeter reading to rebut Shipman's testimony regarding his alcohol consumption. Evidence should be admitted if it is admissible for any legitimate purpose and that determination rests with the sound discretion of the trial court. *Krebsbach v. State*, 209 Ga. App. 474 (433 SE2d 649) (1993). In this case, the intoximeter results were admissible as the basis of Long's testimony that Shipman was not being truthful about the amount of beer he had consumed. See *Charlton v. State*, 217 Ga. App. 842, 844 (459 SE2d 455) (1995) (previously excluded intoximeter test results admissible for impeachment).

Nor are we able to find any merit to Shipman's argument that the evidence was used for an improper purpose. The trial court specifically restricted the use of the intoximeter test results to the rebuttal of Shipman's testimony, and Shipman failed to present any evidence of impermissible use.

2. We find no error in the trial court's restriction of defense counsel's attempted cross-examination of Long regarding the technical theory and functioning of the intoximeter machine because Long indicated he was not qualified to explain its technical operation. Moreover, the State offered Long as a person knowledgeable about the metabolism of alcohol, not the intricacies of the machine.

A party seeking reversal must show not only error but injury arising from the error alleged. *Durham v. State*, 129 Ga. App. 5, 6 (198 SE2d 387) (1973). In this case, Shipman can show neither. His own expert attacked the machine on technical grounds, explaining in considerable detail the various technical flaws of the machine including its calibration and operation. Shipman's expert further explicated several reasons why the machine rendered an erroneously high reading on Shipman's sample. Thus, contrary to Shipman's assertion, the record shows that he was not precluded from directly attacking the machine's accuracy and technical capabilities. Under these facts we find no manifest abuse of discretion in the trial court's limitation of defense counsel's cross-examination of Long. *Fletcher v. State*, 197 Ga. App. 112, 113 (397 SE2d 605) (1990).

3. The trial court's charge on the accuracy of the intoximeter machine was proper. The court charged that "breath alcohol measuring equipment approved by the State Crime Laboratory is considered accurate if properly operated." This language was approved in *Henson v. State*, 168 Ga. App. 210, 213 (4) (308 SE2d 555) (1983). Also, considering the challenged charge in the context of the instructions as a whole, there was no error. See *Jackson v. State*, 214 Ga. App. 683, 684 (448 SE2d 763) (1994).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

Decided March 28, 1996 —
Reconsideration denied April 17, 1996 —

*Spruell & Dubuc, Billy L. Spruell*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Scott A. Drake, Assistant Solicitors*, for appellee.