## A96A0822. GOODWIN v. THE STATE.
### (474 SE2d 84)

BIRDSONG, Presiding Judge.

Gregory D. Goodwin was convicted of driving under the influence and possessing an open container of an alcoholic beverage while operating a vehicle. He now appeals this judgment, enumerating three errors. *Held*:

1. In his first enumeration of error, appellant contends the court erred in denying the motion to suppress the stop of his vehicle. This enumeration is without merit.

Officer David Hardwick, a Clayton County police officer, was employed by the Home Lodge hotel as a part-time security guard on the night of appellant's arrest. The Home Lodge, at that time, unwillingly hosted a significant amount of drug traffic and prostitution. Officer Hardwick was instructed by the Home Lodge management to stop every vehicle that entered the premises and inquire whether its occupants were guests of the hotel. Upon stopping appellant's car, Officer Hardwick noticed an odor of alcohol on appellant's breath and person. As Officer Hardwick was off-duty, he contacted the Forest Park police department. The arresting officer was then dispatched to the scene.

Under Georgia law, Home Lodge has an obligation as an innkeeper to keep its premises safe for guests. OCGA § 51-3-1; *Davis v. Garden Svcs.*, 155 Ga. App. 34 (270 SE2d 228). This is particularly true here, as Home Lodge was aware of the drug traffic and prostitu-

tion problems on its property. *Matt v. Days Inns of America*, 212 Ga. App. 792 (443 SE2d 290), aff'd *Days Inns of America v. Matt*, 265 Ga. 235 (454 SE2d 507).

In accordance with this duty, Home Lodge's management directed Officer Hardwick to stop all cars entering the premises. The trial court correctly found that at the time Officer Hardwick stopped appellant he was not acting as a sworn police officer, but rather was "acting in his capacity as a hotel security officer and not attempting to search for incriminating evidence." *Berger v. State*, 150 Ga. App. 166, 168 (257 SE2d 8). Appellant incorrectly characterizes this as a defective "Terry" stop. Officer Hardwick was off duty, on private property, and stopped appellant's car not because there were specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct, but solely because of his employer Home Lodge's legitimate instructions. See *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889). Accordingly, both the stop and the information derived therefrom were properly admitted into evidence.

Once appellant was stopped, Officer Hardwick noticed the smell of alcohol on appellant's breath and person. Although Hardwick was then acting in a purely private capacity, all law enforcement officers have the general duty to enforce the law and maintain the peace. *Quinones v. Maier & Berkele*, 192 Ga. App. 585 (385 SE2d 719). They carry this duty 24 hours a day, on and off duty. *Carr v. State*, 176 Ga. App. 113 (1) (335 SE2d 622). That Officer Hardwick contacted the police department pursuant to this duty does not alter the admissibility of appellant's stop.

2. Appellant, in his second enumeration, argues that the trial court erred in admitting appellant's prior DUI conviction as a similar transaction. We disagree.

Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *Everhart v. State*, 209 Ga. App. 82 (432 SE2d 670), quoting *Aaron v. State*, 195 Ga. App. 339 (1) (393 SE2d 698). There is no requirement that the other transaction must be identical in every aspect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. *Everhart*, supra, citing *Faison v. State*, 199 Ga. App. 447, 448 (1) (405 SE2d 277).

Applying *Kirkland*, we find that the trial court correctly admit-

ted appellant's previous DUI into evidence. *Kirkland v. State*, 206 Ga. App. 27 (424 SE2d 638). Appellant's two DUI arrests occurred within three years of one another and each happened shortly after midnight on a Saturday. That appellant was in a different car and county does not negate the relevance of the prior DUI, as slight variances are comprehended by *Kirkland*. The type of vehicle driven or the degree or source of intoxication may vary, but it is the simple act of driving while under the influence that establishes the commissions of those crimes. Id. A prior act of DUI would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct. Id. at 28.

3. In his third enumeration of error, appellant alleges that the court erred by allowing testimony concerning the Intoximeter 3000 and appellant's breath results as rebuttal evidence. "Whether the State should be permitted to introduce evidence after the defendant has closed his testimony, even if it was not strictly in rebuttal, is a matter resting in the sound discretion of the court." (Punctuation omitted.) *Smith v. State*, 260 Ga. 746, 748 (1) (399 SE2d 66). Evidence should be admitted if it is admissible for any legitimate purpose. *Krebsbach v. State*, 209 Ga. App. 474 (433 SE2d 649). Here, the State offered evidence concerning appellant's breath test to rebut his testimony on direct examination that he had consumed two and one-half beers on the night of his arrest. Impeachment and rebuttal of a defendant's testimony is a legitimate purpose. *Charlton v. State*, 217 Ga. App. 842 (459 SE2d 455). The right to impeach a defendant/witness, as set forth in OCGA § 24-9-82, is one of the cornerstones of the adversarial process. Id. at 843. Furthermore, even if otherwise inadmissible, test results may be admitted, subject to proper foundation, as the basis for expert testimony showing that the appellant was not telling the truth about the amount of alcohol he consumed. *Knisely v. State*, 155 Ga. App. 673 (272 SE2d 539). Here, the breath test results and expert testimony interpreting the results were admissible as they demonstrated that appellant consumed more alcohol on the night of his arrest than he admitted during direct examination. Accordingly, we hold that the trial court did not abuse its discretion in admitting this evidence.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 27, 1996 —
RECONSIDERATION DENIED JULY 12, 1996 — 

*Guy J. Notte*, for appellant.

*Keith C. Martin, Solicitor, Elizabeth A. Baker, Assistant Solicitor*, for appellee.