## A97A0623. SHROPSHIRE v. THE STATE.
### (487 SE2d 384)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of aggravated sodomy, sodomy, aggravated child molestation, three counts of child molestation and three counts of cruelty to children. The nine-year-old victim's trial testimony reflects an account of events which are the basis of the crimes charged.[1] The victim reported defendant's criminal acts to her aunt, Robin Brown, and defendant's spouse, Danielle

---

[1] This child, even after thorough (but considerate) cross-examination, did not waver in her description of the manner in which defendant committed the crimes charged.

Shropshire. Danielle Shropshire testified for defendant at trial, commenting that she "didn't believe [the victim when she first reported defendant's criminal conduct] and [that] she still [does not believe the victim]." This appeal followed the denial of defendant's motion for new trial. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in allowing the State to impeach Danielle Shropshire by introducing evidence of an inconsistent statement she uttered in the presence of Robin Brown, shortly after the victim reported defendant's sexual assaults, indicating Danielle Shropshire's view that defendant had committed the crimes charged.

During the State's case, the trial court sustained defendant's objection when Robin Brown alluded to Danielle Shropshire's statement that she believed defendant had committed the crimes charged. But later — after Danielle Shropshire testified during defendant's case that she "didn't believe [the victim when the victim first reported defendant's sexual assaults] and [that] she still [does not believe the victim]" — the trial court allowed the State's attorney to use this prior inconsistent statement to impeach Danielle Shropshire. To this end, the trial court allowed the State's attorney to ask Danielle Shropshire the following question during cross-examination: "Did you make the statement to Robin Brown after [the victim] had told what [defendant] had done to her that you believed he had done it?" Danielle Shropshire responded negatively and, on re-direct examination, restated her view that she does not "believe" the victim. The State's attorney responded by recalling Robin Brown. She testified that Danielle Shropshire — during an emotional outburst after the victim reported defendant's criminal assaults — "said, 'I think he's done it.'"

Citing OCGA § 24-9-83, defendant asserts that his wife's prior inconsistent statement is inadmissible for impeachment purposes because it is not relevant to her testimony or to the case. This argument is without merit. Danielle Shropshire's direct testimony that she "didn't believe [the victim when the victim first reported defendant's sexual assaults] and [that] she still [does not believe the victim]" is contradicted by her prior statement to Robin Brown that "'I think he's done it.'" This prior inconsistent statement is admissible for impeachment purposes. *Bates v. State*, 4 Ga. App. 486, 489 (1) (61 SE 888). Defendant, nonetheless, asserts that his wife's prior inconsistent statement should not have been admitted because it is inadmissible opinion evidence as to the victim's veracity, which is a matter reserved exclusively for the jury. This argument is also without merit.

"The Supreme Court rule which permits evidence of contradictory pre-trial statements as substantive evidence of a fact, in our

view, must refer to admissible evidence and not that which is inadmissible or incompetent. So construed, we have consistency in the law. If the pre-trial statement could have been made during the trial, then it may be introduced to contradict that witness' testimony at trial and when thus admitted it stands as substantive evidence of the fact shown. If the evidence is not of the type ordinarily admissible at trial then it should be restrictively allowed only for the purpose of impeachment, not as substantive evidence of the fact, and the jury should be so instructed." *Jackson v. Ensley*, 168 Ga. App. 822, 825 (1), 827 (310 SE2d 707).

Although we agree with defendant, in the case sub judice, that Danielle Shropshire's prior inconsistent statement regarding the victim's veracity is inadmissible opinion evidence, the trial court instructed the jury immediately after the State offered proof of this inconsistent statement that it is admitted solely for impeachment purposes. Under these circumstances, we cannot say the trial court erred in allowing Robin Brown to testify that Danielle Shropshire — during an emotional outburst after the victim reported defendant's criminal assaults — "said, 'I think he's done it.'" See *Jackson v. Ensley*, 168 Ga. App. 822, 825 (1), supra. Further, since Danielle Shropshire set herself up for impeachment by injecting her opinion that the victim is unbelievable and since defendant offered the same illegal testimony (as substantive evidence) in rebuttal to Robin Brown's impeachment testimony, we reject defendant's claim that the prejudicial impact of this impeachment evidence outweighed its worth. Defendant "opened the door" to this line of inquiry and therefore cannot complain. *Krebsbach v. State*, 209 Ga. App. 474 (1), 475 (433 SE2d 649).

*Garrett v. State*, 169 Ga. App. 327, 328 (312 SE2d 621), cited by the defendant, is distinguishable from the case sub judice because the prior inconsistent statement of the witness targeted for impeachment in *Garrett* did not involve the witness' view of a relevant matter involving the witness' opinion.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MAY 21, 1997 —
RECONSIDERATION DENIED JUNE 4, 1997 — 

 Before Judge McWhorter.

*Hudson & Montgomery, James E. Hudson, J. Richardson Brannon*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.