## A98A1163. KELLOGG v. THE STATE.
### (505 SE2d 794)

JOHNSON, Presiding Judge.

Michael Kellogg was charged with driving under the influence of a drug to the extent it was less safe for him to drive, driving under the influence of alcohol and a drug to the extent it was less safe for him to drive, and driving under the influence of alcohol to the extent it was less safe for him to drive. See OCGA § 40-6-391 (a) (1), (2), (4). After a bench trial, the trial court directed a verdict of acquittal as to the DUI charges involving drugs and found him guilty of the charge involving alcohol. Kellogg appeals from the conviction entered on the guilty verdict, contending that the trial court erred in refusing to allow him to introduce exculpatory information from a state crime laboratory report when he had succeeded earlier in having the report suppressed. We find no merit to this argument and affirm.

The laboratory report at issue indicated that Kellogg had cocaine but not alcohol in his blood. At the beginning of the bench trial, in an opening statement, Kellogg's attorney mentioned that the lab report showed he had no alcohol in his system. The court interrupted and asked if the parties wanted to stipulate the report into evidence. The state responded that it wanted the entire report admitted, and defense counsel replied that he was not sure. The court made no ruling at that time and the trial proceeded.

During cross-examination of the arresting officer, Kellogg's attorney asked the officer if he received a report from the state crime lab indicating that Kellogg had no alcohol in his blood. The state objected to the question. The trial court again asked defense counsel if he wanted to stipulate the report into evidence, stating: "if you don't, then it's just out. If it's not coming in, it's not coming in. . . ." Defense counsel remarked that he understood. The trial court then stated: "If you want [the lab report] to come in, it comes in and all of it comes in. If you don't, don't say anything else about it." The trial

court sustained the state's objection and then struck the question referencing the report. Defense counsel replied: "All right."

After the officer testified, Kellogg moved to suppress the test results based on the arresting officer's failure to read his implied consent warning at the scene of the arrest. See *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). The trial court granted the motion to suppress the test results.

Later, during redirect examination of Kellogg, defense counsel asked Kellogg if he saw the state crime lab report showing the amount of alcohol in his system. The state objected, noting that the crime report was not in evidence and was not to be mentioned given the court's earlier ruling. Defense counsel replied: "I've offered to put the report in, and I am trying now to get his testimony." The trial court sustained the objection then reminded defense counsel that he had the opportunity to stipulate to the admission of the report earlier and that the report would not be considered. The trial court added that defense counsel could put the report in the record if he wanted to, but that the court would not consider it. Defense counsel remarked "All right," then placed the report in the record.

Even if we assume, arguendo, that the objection was preserved, the enumeration is without merit. The trial court refused to admit the report into evidence only after Kellogg vigorously argued that the report should be excluded. The trial court gave Kellogg several opportunities to have the report introduced as evidence. It even warned Kellogg, before any decision was made as to whether the report would be admitted, that if the report was admitted, it would be admitted in its entirety; likewise, if it was excluded, it would be excluded in its entirety. Kellogg did not take issue with the trial court's warning. At the very least, therefore, Kellogg acquiesced in the trial court's "all or nothing" ruling. A litigant cannot acquiesce in a ruling and then complain of the ruling on appeal. *Smith v. State*, 192 Ga. App. 768, 771 (2) (386 SE2d 530) (1989).

Furthermore, despite the trial court's warning that it would allow either all or none of the report into evidence, Kellogg chose to argue for the report's exclusion. It is well-settled that one cannot complain of a ruling which the party's own trial tactics or conduct procured or aided in causing. *Herndon v. State*, 229 Ga. App. 457, 458 (4) (494 SE2d 262) (1997); *Gill v. State*, 229 Ga. App. 462, 464 (3) (494 SE2d 259) (1997).

Kellogg argues that he should have been permitted to introduce evidence from the lab report showing he tested negative for alcohol to impeach the officer's testimony that he was impaired by alcohol. To support this argument, Kellogg relies upon cases in which this Court held the trial court did not abuse its discretion by allowing the state to introduce previously suppressed evidence to impeach the testi-

mony of a defendant or defense witness. See *Goodwin v. State*, 222 Ga. App. 285, 287 (3) (474 SE2d 84) (1996); *Shipman v. State*, 221 Ga. App. 160, 161 (1) (471 SE2d 225) (1996); *Charlton v. State*, 217 Ga. App. 842, 844 (459 SE2d 455) (1995); *Knisely v. State*, 155 Ga. App. 673 (1) (a) (272 SE2d 539) (1980) (physical precedent only). Kellogg's reliance on these cases is misplaced. In none of those cases did a defendant seek to suppress evidence then allege error in the trial court's refusal to allow him to use the evidence he succeeded in having suppressed. Unlike in the instant case, the parties in those cases apparently maintained their original positions as to the admissibility of the evidence. It is well-established that a defendant cannot complain after he opened the door to a particular line of inquiry. See *Shropshire v. State*, 226 Ga. App. 669, 671 (487 SE2d 384) (1997). We hold that the converse is also true: A defendant cannot complain that evidence is excluded after he closed the door to a particular inquiry. As discussed above, Kellogg cannot be heard to question a ruling which he invoked. See *Bennett v. State*, 268 Ga. 849, 851 (494 SE2d 330) (1998). And, although the Georgia rule favors the admission of relevant evidence, admissibility of evidence is a matter which rests largely within the sound discretion of the trial court. *Chesser v. State*, 228 Ga. App. 164, 166 (1) (491 SE2d 213) (1997).

Moreover, while on appeal he claims that the evidence was admissible for impeachment purposes, he made no such argument at trial. Kellogg is limited on appeal to the grounds raised at trial. See *Vincent v. State*, 210 Ga. App. 6, 7 (2) (435 SE2d 222) (1993). The trial court did not abuse its discretion in excluding the evidence.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1998.

*William C. Head*, for appellant.

*Carmen Smith, Solicitor, Roderick B. Wilkerson, Jody L. Peskin, Assistant Solicitors*, for appellee.