A99A2304. JONES v. THE STATE.
(527 SE2d 223)

ELDRIDGE, Judge.
Following a bench trial in Fulton County Traffic Court, Bruce F. Jones was found guilty of driving under the influence of alcohol ("DUI") — less safe driver. He appeals, raising one alleged error of law. Finding Jones' enumerated error to be without merit, we affirm.

During the State's case-in-chief, the arresting officer testified in detail regarding: the stop of Jones' car for unsafe lane change at approximately 12:58 a.m.; Jones' boisterous and loud demeanor; the presence of a strong smell of alcohol on and about Jones' person; his

---

watery and bloodshot eyes; his unsteady walk; and Jones' failure of several field sobriety tests, including a field alco-sensor test. The officer also testified regarding Jones' breath test on the Intoxilyzer 5000, which test was taken at approximately 2:24 a.m. However, because of an issue regarding Jones' request for an independent chemical test, the State and defense entered into a stipulation that the otherwise valid results of Jones' Intoxilyzer 5000 breath test were procedurally barred and would not be admitted into evidence.

Thereafter, during his direct examination, Jones testified that he had "had a couple of beers" on the night in question. He testified on cross-examination that he had consumed one beer at 8:30 p.m. and two beers between 10:00 p.m. and 12:00 a.m. and "that's all [Jones] had to drink the whole night." Jones also testified on cross-examination that he weighed 200 pounds.

In rebuttal to Jones' testimony that he consumed only three beers over a five-hour period and the subsequent inference raised thereby that Jones was not intoxicated due to such limited consumption, the State sought to introduce the result of Jones' Intoxilyzer 5000 breath test, which showed Jones' blood alcohol content ("BAC") to be 0.09 two hours after his arrest. The defense objected. The trial court permitted the State to introduce the breath test result to impeach Jones' testimony that he consumed only three beers. *Held*:

In his sole enumeration of error, Jones contends that the trial court improperly admitted the result of his breath test because such evidence did not impeach his testimony.[1] We do not agree.

"Evidence should be admitted if it is admissible for any legitimate purpose." *Goodwin v. State*, 222 Ga. App. 285, 287 (3) (474 SE2d 84) (1996); *Smith v. State*, 260 Ga. 746, 748 (1) (399 SE2d 66) (1991). Valid results of a breath, blood, or urine test, which are otherwise determined to be inadmissible on procedural grounds, may be properly admitted for impeachment purposes. *Charlton v. State*, 217 Ga. App. 842 (459 SE2d 455) (1995); *Goodwin v. State*, supra.[2]

In this case, Jones' 0.09 BAC shows that Jones had consumed alcohol in excess of 0.08, thereby raising the presumption "that the person was under the influence of alcohol." OCGA § 40-6-392 (b) (3). Such evidence was admissible to rebut Jones' testimony that he consumed only three beers over a five-hour period and the subsequent inference raised thereby that he was not intoxicated. "Impeachment

---

[1] Neither at trial nor on appeal does Jones challenge the admissibility of the breath test result based on the prior stipulation. Instead, his contention at trial and on appeal has remained that the result of the breath test does not serve to impeach his testimony that he consumed only three beers over five hours.

[2] A blood, breath, or urine test which is held inadmissible on substantive grounds, i.e., because the *result* of the test is defective, would not be admissible for impeachment purposes, since a defective test result could not serve to prove a defendant's BAC.

and rebuttal of a defendant's testimony [are] legitimate purpose[s, and] [t]he right to impeach a defendant/witness, as set forth in OCGA § 24-9-82, is one of the cornerstones of the adversarial process. [Cit.]" *Goodwin v. State*, supra. This is because "[t]he right to testify on one's own behalf does not include the right to lie. [Cit.]" *Stephenson v. State*, 206 Ga. App. 273 (424 SE2d 816) (1992). See also *Nix v. Whiteside*, 475 U. S. 157 (106 SC 988, 89 LE2d 123) (1986). As the breath test result was admissible to rebut Jones' testimony that he consumed only three beers over a five-hour period and the inferences raised thereby, the trial court did not err in the admission of such evidence.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 15, 1999.

*Clark & Towne, David E. Clark, Jessica R. Towne*, for appellant.
*Joseph J. Drolet, Solicitor, Julie A. Kert, Assistant Solicitor*, for appellee.