A05A0559. CAPPS v. THE STATE.
(615 SE2d 821)

BARNES, Judge.

Following a jury trial, Robert Rankin Capps was found guilty of driving under the influence of alcohol ("DUI") as a less safe driver and driving without headlights. After the denial of his motion for new trial, he appeals, alleging that the State impermissibly introduced testimony regarding the numerical value of the alco-sensor test, the trial court erred in allowing the State to offer rebuttal testimony regarding the alco-sensor test, and that trial counsel was ineffective. Finding Capps' enumerated errors to be without merit, we affirm.

The evidence demonstrates that at approximately 12:52 a.m. on September 5, 2002, Capps was stopped by an officer with the Gwinnett County DUI task force because he was driving his automobile without his headlights on. When the officer approached Capps, he noticed a strong odor of alcohol coming from Capps' breath, that his eyes were bloodshot and watery, and that his speech was slurred. Capps denied that he had been drinking, but during field sobriety testing, Capps exhibited possible clues of intoxication on the horizontal gaze nystagmus ("HGN") test, the walk and turn evaluation, and the one-leg stand test. The officer testified that studies show that these three field tests, when evaluated together, were 91 percent accurate in predicting whether someone had an alcohol concentration above 0.08 grams, and based on his expertise and training, Capps'

performance of these tests indicated he was impaired. Capps' alco-sensor test results were also positive for alcohol. Following the tests, Capps admitted to having "one beer." The officer then placed Capps under arrest for DUI as a less safe driver, and read him the implied consent notice. Capps refused to submit to a chemical breath test.

1. In two enumerations of error, Capps contends that the trial court erred by allowing the State to introduce evidence of the numerical value of the alco-sensor test. We do not agree.

"Alco-sensor results are not used as evidence of the amount of alcohol or drug in a person's blood. Instead, the alco-sensor is used as an initial screening device to aid the police officer in determining probable cause to arrest a motorist suspected of driving under the influence of alcohol." (Citations and punctuation omitted.) *Porche v. State*, 217 Ga. App. 325-326 (1) (457 SE2d 578) (1995). Accordingly, the results are inadmissible to show the blood alcohol level revealed by the test. Id. at 326. However, "[e]vidence should be admitted if it is admissible for any legitimate purpose." (Citation omitted.) *Goodwin v. State*, 222 Ga. App. 285, 287 (3) (474 SE2d 84) (1996). Consequently, valid results of a breath, blood, or urine test, which are otherwise determined to be inadmissible on procedural grounds, may be properly admitted for impeachment purposes. See id.; *Charlton v. State*, 217 Ga. App. 842, 844 (459 SE2d 455) (1995).

During cross-examination, Capps testified that he believed he had passed the alco-sensor test and that after he blew into the machine he saw the number and "it was below the legal limit." The State then asked Capps if he actually saw the number and Capps said, "I saw .06." Defense counsel did not object to the line of questioning, and during a subsequent bench conference, the trial court ruled that Capps had opened the door to evidence about the numerical value of the alco-sensor test. Defense counsel's only response was "I understand your honor." The officer was later brought back to the stand and testified that Capps' number was not 0.06 as he had stated, but 0.089.

Capps' failure to object to the admissibility of his breath test results or any of the officer's testimony waived these issues under the contemporaneous objection rule which "has long been a mainstay of Georgia trial practice." *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1) (476 SE2d 722) (1996), rev'd on other grounds, 270 Ga. 101 (505 SE2d 473) (1998). Under this rule one must object to evidence when it is actually offered, and the failure to object waives any objection which might have been raised. *Glisson v. State*, 165 Ga. App. 342, 343 (5) (301 SE2d 62) (1983). Because Capps did not object to this testimony, this issue was not preserved for appellate review.

Even if Capps' trial counsel had properly objected, the contested evidence was admissible for impeachment purposes. As noted earlier,

"[i]mpeachment and rebuttal of a defendant's testimony [are] legitimate purpose[s, and t]he right to impeach a defendant/witness, as set forth in OCGA § 24-9-82, is one of the cornerstones of the adversarial process." (Citations omitted.) *Goodwin v. State*, supra, 222 Ga. App. at 287. Capps testified that the breath test result was 0.06; the officer's testimony that the alco-sensor measured 0.089 was admissible to impeach and rebut Capps' testimony. The trial court did not err in admitting the evidence.

2. Although Capps also alleges that his trial defense counsel was ineffective, this issue is not properly before us. Capps' appellate counsel was also his trial defense counsel,[1] Capps did not raise this issue in his motion for new trial, and he failed to request an evidentiary hearing on the allegation. Instead, his motion for new trial asserted only the general grounds.

Although during the hearing on the motion for new trial his counsel argued that "possibly ineffective assistance of counsel on [counsel's] part" in failing to object to the alco-sensor testimony was a ground for granting a new trial, our Supreme Court made clear in *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988), that any contention concerning ineffective counsel should be made at the earliest practicable moment. Merely raising the possibility of the issue during oral argument on a motion is not sufficient to preserve an ineffectiveness claim for appellate review. The transcript of the hearing on the motion for new trial shows that the court offered counsel and Capps the opportunity to have new appellate counsel appointed to pursue the ineffectiveness claim. Counsel stated that he "had no problem going forward with the appeal," and Capps stated that he preferred to have his trial defense counsel continue to represent him on appeal. Under these circumstances, having been apprised of the need for new counsel to pursue the ineffectiveness issue, Capps waived appellate review by electing to retain his trial defense counsel as his counsel on appeal. If Capps had asserted and presented the issue during an evidentiary hearing, a different result might be obtained, but we are not presented with that circumstance here. Thus, to the extent Capps now asserts an ineffectiveness claim not specifically raised in any of the earlier motions, but which he had the opportunity to raise below, the issue is waived. See *Williams v. State*, 257 Ga. App. 589, 590 (3) (571 SE2d 571) (2002).

Additionally, as Capps made no request for an evidentiary hearing, his right to such a hearing was waived. *Dawson v. State*, supra, 258 Ga. at 381 (2). We recognize that failing to request an evidentiary

---

[1] Counsel cannot claim ineffective assistance of counsel in a trial he conducted. *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985).

hearing only waives the right to an evidentiary hearing and does not waive appellate consideration of the ineffectiveness of counsel claim. *Wilson v. State*, 277 Ga. 195, 199 (586 SE2d 669) (2003). In *Wilson*, however, the issue of ineffectiveness was raised in the motion for new trial and was specifically ruled upon by the trial court in the order denying the motion for new trial; in this appeal the issue was not properly raised. See id. at 198.

Further, as we have found that the testimony concerning Capps' alco-sensor results was admissible for impeachment purposes, counsel's failure to object to this testimony would not have constituted ineffectiveness of counsel.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 16, 2005.

*Sexton & Sexton, Giles D. Sexton*, for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Rosanna M. Szabo, Gary S. Vey, Assistant Solicitors-General*, for appellee.