A07A1749. ROSANDICH v. THE STATE.
(657 SE2d 255)

SMITH, Presiding Judge.
A jury found Nicholas Rosandich guilty of driving under the influence of alcohol to the extent he was less safe to drive. Rosandich appeals, challenging the admission of his breath test as impeachment evidence. He also claims that the State failed to disclose to him "full information" concerning the test, as required by OCGA § 40-6-392 (a) (4). For the reasons that follow, we affirm.

1. The record shows that after his arrest, Rosandich submitted to a State-administered chemical breath test, providing breath samples that measured 0.233 and 0.229 grams of alcohol. Rosandich moved to suppress the test results prior to trial. Finding that the arresting

---

[13] (Citation and punctuation omitted.) *Radowick v. State*, 145 Ga. App. 231, 239-240 (4) (244 SE2d 346) (1978).

officer misinformed Rosandich about the Georgia implied consent law, particularly the consequences of refusing to take the breath test, the trial court suppressed the results.[1]

Following the suppression ruling, the State moved to preclude Rosandich, his attorney, and other witnesses from mentioning during trial the breath test or the State's failure to offer evidence of the test results. It argued that, given Rosandich's successful effort to suppress the results, he should not be allowed to comment on the absence of such evidence. Rosandich stated that he had no objection to the State's motion, which the trial court granted.

Rosandich testified on his own behalf at trial, asserting that on the night of his arrest, he had four or five beers over a four and one-half hour period and did not feel "at all affected" by the alcohol. Before beginning its cross-examination, the State sought permission to impeach Rosandich with his breath test results to show that he had not been truthful about the amount of alcohol he consumed. The trial court granted the request, admitting the results for impeachment purposes. The court also permitted the arresting officer to testify based on his training and experience that Rosandich's blood alcohol level was "[e]xtremely high" and was not "consistent with someone capable of safely operating a motor vehicle."

Under Georgia law, "[t]he admission of evidence rests in the trial court's sound discretion, and evidence should be admitted if it is admissible for any legitimate purpose." (Citation and punctuation omitted.) *Charlton v. State*, 217 Ga. App. 842, 844 (459 SE2d 455) (1995). Impeachment of a defendant's testimony constitutes such a purpose. Id. Furthermore, "[v]alid results of a breath, blood, or urine test, which are otherwise determined to be inadmissible on procedural grounds, may be properly admitted for impeachment purposes." (Citations omitted.) *Jones v. State*, 241 Ga. App. 515, 516 (527 SE2d 223) (1999).

The trial court initially found the test results procedurally inadmissible after concluding that the arresting officer failed to obtain valid consent for the test. The results, however, remained permissible fodder for impeachment. And once Rosandich testified that the limited alcohol he consumed did not affect or impair his driving, he opened the door to impeachment with the breath test. *Jones*, supra, 241 Ga. App. at 516; *Shipman v. State*, 221 Ga. App. 160, 161 (1) (471 SE2d 225) (1996).

Rosandich argues on appeal that the State waived its right to use this impeachment evidence by filing its own motion in limine to

---

[1] In the same order, the trial court denied Rosandich's motion to suppress his custodial statements to police. That ruling is not at issue in this appeal.

exclude the test results. A plain reading of that motion, however, shows that the State did not try to *exclude* the breath test. Instead, it sought to prevent Rosandich from using the suppression ruling to raise unfair inferences about the State's case and its failure to produce the test results at trial. See *Piast v. State*, 230 Ga. App. 222, 223 (1) (495 SE2d 875) (1998) ("It would be manifestly unfair to prevent the prosecution from presenting this evidence [at trial] and at the same time comment upon the prosecution's failure to do so."). Accordingly, the State did not waive its right to use the results for impeachment purposes. Compare *Kellogg v. State*, 233 Ga. App. 817, 818-819 (505 SE2d 794) (1998) (party cannot seek to suppress evidence, then allege error in the trial court's refusal to allow the party to use that evidence at trial).

Rosandich also claims that the impeachment evidence lacked foundation. Although his argument is not completely clear, he apparently contends that the State failed to demonstrate that the breath test results conflicted with his testimony regarding his alcohol consumption.

The arresting officer, however, testified based on his training and significant experience that Rosandich's blood alcohol level was extremely high. The officer further testified that he had never seen such readings produced by someone capable of driving safely. Rosandich did not object to this testimony or argue that the officer was not qualified to give it. And the testimony, combined with the test results, conflicted with his claim that he drank only a limited amount of alcohol that did not affect him. The trial court, therefore, did not abuse its discretion in admitting evidence relating to the breath test for impeachment purposes.[2] See *Shipman*, supra, 221 Ga. App. at 161 (1).

2. Rosandich also argues that he was entitled to a new trial because the State failed to fully disclose to the defense all information regarding his breath test. We disagree.

Prior to trial, Rosandich requested various test-related materials, including training manuals for test procedures, maintenance logs for the Intoxilyzer 5000 used during the test, and calibration logs for

---

[2] In the argument section of his brief, Rosandich also asserts that the trial court should have instructed the jury that the breath test results could only be considered for impeachment purposes. Rosandich's very specific enumerated error, however, does not raise this claim. It focuses on the actual admission of the impeachment evidence and cannot be read to include an allegation regarding jury instructions. Because Rosandich's jury charge argument is beyond the scope of his enumerated error, it has not been properly raised on appeal. See *Allen v. State*, 286 Ga. App. 82, 86 (2) (c) (648 SE2d 677) (2007) ("[A] party cannot expand his enumerations of error through argument or citation in his brief.") (citation, punctuation and footnote omitted).

that machine. Although the State provided the Intoxilyzer 5000 test report to Rosandich, it apparently did not produce the other requested information.

Rosandich did not claim before trial that any discovery violation had occurred, likely because the test results had been suppressed. But when the trial court admitted those results mid-trial for impeachment purposes, Rosandich raised the issue. Asserting that the State failed to comply with its discovery obligations, Rosandich argued that the trial court should "declare a mistrial and start over." The trial court denied Rosandich's motion.

Upon request, an individual who submits to a State-administered chemical breath test is entitled to "full information concerning the test." OCGA § 40-6-392 (a) (4). The State's failure to comply with this discovery provision, however, does not demand exclusion of the test results. See *Birdsall v. State*, 254 Ga. App. 555, 558-559 (562 SE2d 841) (2002). As we have held, exclusion *might* be appropriate "upon a showing of bad faith or . . . of a failure to obey an order requiring production." (Footnote omitted.) Id. at 559. But in this case, Rosandich produced no evidence of bad faith. Moreover, he did not allege a discovery violation prior to trial or seek a discovery ruling, and the trial court never entered an order requiring production of the materials. Rosandich commenced trial without any reference to the discovery issue, and he did not request a trial continuance to pursue further discovery relating to the test results, which only became admissible after he opened the door to impeachment. He also presented no argument below that this purported discovery violation prejudiced his defense.

Under these circumstances, the trial court did not abuse its discretion in admitting the results, despite the State's failure to produce the requested information.[3] *Birdsall*, supra, 254 Ga. App. at 559. It follows that the trial court properly denied Rosandich's motion for mistrial and motion for new trial on this same ground. See *Thrasher v. State*, 261 Ga. App. 650, 652 (2) (583 SE2d 504) (2003) (where evidence properly admitted, trial court does not err in denying motion for mistrial based on admission of that evidence).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED JANUARY 11, 2008

*George C. Creal, Jr.*, for appellant.

---

[3] We need not decide, and thus do not consider, whether the extensive materials requested by Rosandich properly fell within the scope of OCGA § 40-6-392 (a) (4).

174

Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Gilbert A. Crosby, Assistant Solicitors-General, for appellee.