**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 12, 2015**

# In the Court of Appeals of Georgia

A14A1726. JOHNSON v. THE STATE.

MCMILLIAN, Judge.

Carl Desmond Johnson appeals after a Gwinnett County jury convicted him of the offense of armed robbery. Johnson argues that the trial court erred in not allowing him to introduce evidence that he had pled guilty to robbery by intimidation in connection with two other robberies in DeKalb County, as support for his defense that he did not have a gun in the Gwinnett County robbery. He also asserts that the evidence was insufficient to support his conviction. We affirm for the reasons set forth below.

Viewed in the light most favorable to the verdict,[1] the evidence at trial showed that Ann Kelley was working as a bank teller in Norcross on June 26, 2010, when

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

Johnson[2] came to her window and handed her a note stating, "This is not a game." He was wearing loose fitting clothes, sunglasses, and a baseball cap, and he was talking on his cell phone, while at the same time talking to Kelley. Johnson was very specific about the denominations he wanted, and, placing his hand on his hip, he told Kelley to look forward, and not to look at anyone else, or she would be shot. Johnson kept urging Kelley to "hurry up." Kelley never saw a gun, but the t-shirt Johnson was wearing was long and extended below where he had placed his hand. From Johnson's verbal threat and the way he was standing, Kelley thought she was going to be shot if she did not hurry and give him the money. Kelley demonstrated for the jury how Johnson was standing that day. After she put money in the bag Johnson handed her, he left the bank.

Cheryl King, a teller at a DeKalb County bank, testified that three days later, on June 29, 2010, Johnson, again wearing a baseball hat and sunglasses and talking on his cell phone, handed her a note that read, "This is a robbery." From Johnson's gestures, which included patting his hip, she believed that he had a gun, and she put

[2] Although Johnson's identity was not known at the time of the robberies, he was ultimately identified from an anonymous tip after photos from one of the DeKalb County robberies were released to the media. Additionally, Cheryl King, a DeKalb County bank teller, identified him at trial as the man who had robbed her.

money in the plastic bag he handed her. King also demonstrated these gestures to the jury.

Other evidence will be set forth below as necessary to address Johnson's specific claims of error.

1. We first address Johnson's argument that the evidence was insufficient to support his conviction.

OCGA § 16-8-41 (a) provides that "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." Here, Johnson's counsel admitted in opening statement that he committed the robbery in this case, but he asserted that Johnson did not use a gun or any other weapon in the crime and thus should not be convicted of armed robbery.[3]

Johnson contends that the evidence did not support a finding that he used a weapon in this case because Kelley testified that she never saw a weapon. However, it is well settled that "circumstantial evidence is sufficient to establish the use of a

---

[3] Johnson told investigators that after researching the subject on the internet, he believed that he could not be convicted of armed robbery if he did not use a weapon during the crime.

weapon or device appearing to be a weapon, and a conviction for armed robbery may be sustained even though the weapon or article used was neither seen nor accurately described by the victim." (Citations and punctuation omitted.) *Bryson v. State*, 316 Ga. App. 512, 515 (1) (729 SE2d 631) (2012). Under such circumstances, "[t]he question is whether the defendant's acts created a reasonable apprehension on the part of the [victim] that an offensive weapon was being used, regardless of whether the [victim] actually saw the weapon." (Citation and punctuation omitted). *Smith v. State*, 274 Ga. App. 568, 570 (1) (a) (618 SE2d 182) (2005). Nevertheless, "a conviction may not be sustained absent some physical manifestation of a weapon or some evidence from which the presence of a weapon may be inferred." (Citation and punctuation omitted.) *Fluellen v. State*, 284 Ga. App. 584, 585 (644 SE2d 486) (2007).

Here, Kelley testified that Johnson threatened that he was going to shoot her, and his stance, with a hand at his hip, made her believe that he would follow through on that threat. Moreover, King testified that three days later, another note from Johnson and his gestures, including patting his hip, made her believe that he had a gun when he robbed the DeKalb County bank where she worked.

4

We find that this evidence was sufficient to authorize a rational trier of fact to find Johnson guilty beyond a reasonable doubt of robbing the Gwinnett County bank by use of a gun, "or any replica, article, or device having the appearance of such weapon," and thus to find him guilty of armed robbery under OCGA § 16-8-41 (a). See *Joyner v. State*, 278 Ga. App. 60, 60-61 (1) (628 SE2d 186) (2006) (upholding armed robbery conviction where victim testified that she believed the defendant had a gun because of the way he held his hand inside his jacket, which she demonstrated for the jury, and that she was frightened and gave him the cash from her register drawer); *Marlin v. State*, 273 Ga. App. 856, 858-859 (2) (616 SE2d 176) (2005) (upholding armed robbery conviction where defendant had his hand under his shirt and handed victim a note in which he claimed to have a gun, and victim believed he had a gun); *Prins v. State*, 246 Ga. App. 585, 587 (1) (539 SE2d 236) (2000) (affirming armed robbery conviction where defendant's note to the victim "clearly and boldly" recited that he had a gun and would kill her, and one of his hands was not visible to the victim during the robbery), disapproved on other grounds by *Miller v. State*, 285 Ga. 285, 286-287, n. 1 (676 SE2d 173) (2009); *Maddox v. State*, 238 Ga. App. 598, 598 (1) (521 SE2d 581) (1999) ("[t]hreatening to shoot a victim while keeping a hand concealed shows the weapon element of armed robbery").

5

2. Johnson also contends that the trial court erred by refusing to allow him to present evidence of his plea to the DeKalb County robberies.

A DeKalb County grand jury indicted Johnson with armed robbery in connection with the incident involving King and, in the same indictment, charged him with robbery by intimidation in connection with a third robbery at another DeKalb County bank on July 8, 2012. Johnson sought to introduce a certified copy of his plea to that indictment, which indicated that he pled guilty to two counts of robbery by intimidation, a lesser included offense to armed robbery. OCGA § 16-8-41 (a). Johnson also wanted to testify that DeKalb County charged him with robbery by intimidation as to one crime and allowed him to plead down to robbery by intimidation in the other in order to create an inference that he did not use a gun in any of the robberies.

The prosecutor argued, however, that Johnson sought and received first-offender treatment for his DeKalb County convictions, which prevented the State from introducing a copy of his plea and conviction into evidence, requiring that the prosecution prove their similar transaction through the victim's live testimony. He asserted that Johnson improperly wanted it both ways, to receive the protection offered by first-offender treatment, which prevented the State from using the

6

conviction against him,[4] while at the same time using the plea for his own advantage to support his defense in this case.

The trial court was not persuaded by the State's first-offender argument but found that the "real stumbling block" to the admission of Johnson's DeKalb County plea was that "prosecutors make deals all the time for a variety of reasons." As the trial court explained, "Who knows what was going on in the mind of that courtroom prosecutor on that particular day?" Although the trial court stated that it would allow Johnson to testify that he was charged with armed robbery in connection with the first DeKalb County robbery and robbery by intimidation on the second, the court would not allow Johnson to take "the next step" and say that he entered a plea of robbery by intimidation to each crime. In light of the trial court's ruling, Johnson chose not to testify.

"Under Georgia law, the admission of evidence rests in the trial court's sound discretion, and evidence should be admitted if it is admissible for any legitimate

---

[4] See *Davis v. State*, 269 Ga. 276, 277-279 (2) (496 SE2d 699) (1998) ("first offender's guilty plea does not constitute a 'conviction' as that term is defined in the Criminal Code of Georgia (OCGA § 16-1-3 (4))," and thus a guilty plea to an offense for which a defendant received first-offender treatment is not admissible into evidence).

7

purpose." (Citation and punctuation omitted.) *Rosandich v. State*, 289 Ga. App. 170, 171 (1) (657 SE2d 255) (2008). At the time of Johnson's trial,[5] the Georgia rule favored admission of any relevant evidence, and relevant evidence was defined as that which "[renders] the desired inference more probable than it would be without the evidence." (Citation and punctuation omitted.) *Smith v. State*, 255 Ga. 685, 686 (2) (341 SE2d 451) (1986). See also *Sprouse v. State*, 242 Ga. 831, 833 (3) (252 SE2d 173) (1979); *Patterson v. State*, 233 Ga. 724, 725 (1) (213 SE2d 612) (1975). However, Georgia law also clearly provided that "[i]rrelevant matter . . . should be excluded." Former OCGA § 24-2-1.[6]

Under the circumstances here, we cannot say that the trial court abused its discretion in determining that evidence of Johnson's plea was not admissible. As the United States Supreme Court has found, "[p]lea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting

---

[5] Johnson was tried in 2012, and Georgia's former evidence code applies to his trial. See Ga. L. 2011, p. 99, § 2. Our new code defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401.

[6] Former OCGA § 24-2-1 provided: "[e]vidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded."

to avoid trial." (Citation omitted.) *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (IV) (98 SCt 663, 54 LE2d 604) (1978). Therefore, the plea bargain struck between Johnson and DeKalb County may have been based on any number of reasons. The reasoning behind the plea does not appear on the face of the document itself, and Johnson would not have been able to testify as to the prosecutor's reasons for accepting his plea,[7] leaving the jury to speculate why the deal was struck. Thus, evidence regarding Johnson's plea would not have made Johnson's desired inference – that he did not use a gun during the Gwinnett County robbery – any more probable than it would have been without the evidence. See *Dawson v. State*, 283 Ga. 315, 316-317 (2) (658 SE2d 755) (2008) (proffered evidence that a third party committed a crime must raise reasonable inference of the defendant's innocence and directly link the other person to the crime, but it "cannot raise the mere speculation" that someone else committed the crime; "it must do more than raise a conjectural inference") (citations and punctuation omitted); *Boatman v. State*, 272 Ga. 139, 140-141 (2) (527 SE2d 560) (2000) (trial court did not err in excluding evidence merely offering

---

[7] At the time of Johnson's trial, Georgia law provided that "[h]earsay testimony [was] not only inadmissible but wholly without probative value, and its introduction without objection [did] not give it any weight or force whatever in establishing a fact." (Citations and punctuation omitted.) *Jackson v. State*, 306 Ga. App. 33, 36 (1) (701 SE2d 481) (2010).

speculation or conjecture that a third party could have been involved in the crimes at issue); *Chastain v. State*, 255 Ga. 723, 725 (342 SE2d 678) (1986) (reversing conviction for tampering with the evidence where any inferences drawn from evidence at trial as to how the knife reached the victim's hand were mere speculation).

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur*.